**UNITED STATES of America, Appellee,**

v.

**Robert Lee MILLER, a/k/a Charles W. Raven, Appellant.**

No. 74–2959.

United States Court of Appeals, Ninth Circuit.

April 10, 1975.

**42**

Barry J. Portman, Asst. Federal Public Defender (argued), San Francisco, Cal., for appellant.

Lawrence Edelman, Asst. U. S. Atty. (argued), San Francisco, Cal., for appellee.

OPINION

Before KOELSCH and DUNIWAY, Circuit Judges, and TAYLOR, District Judge.*

PER CURIAM:

The appellant was convicted on January 19, 1972 of a felony, imposition of sentence was suspended and he was placed on probation for three years. On October 11, 1974, after a hearing, the court found that appellant had violated the terms of probation and sentenced him for a period of three years.

The question presented on this appeal is whether the admission of the hearsay testimony of the Probation Officer and the admission into evidence of unauthen-

ticated records at the revocation hearing violated the due process requirements of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

The revocation hearing commenced on October 8, 1974, but because appellant's probation officer could not be sure of the dates on which appellant had committed alleged violations of the terms of his probation, the court continued the matter on its own motion to October 11, 1974, at which time the hearing resumed. At all times pertinent to the revocation hearing, the appellant was present in person and represented by counsel.

The only witness who testified at the hearing was appellant's probation officer. His testimony was in regard to what he had ascertained from state court files and from a state probation report concerning appellant. This testimony was admitted over the objection of counsel for appellant on grounds that it was hearsay. The court also admitted into evidence unauthenticated copies of state court criminal records over objection on hearsay grounds. Although these records were not authenticated, the probation officer testified that he made the Xerox copies and obtained the additional information from the court files. From this evidence, it was shown that appellant had been convicted of three criminal offenses while on probation in violation of the terms thereof. Although counsel objected to the testimony of the probation officer and the introduction of the records, appellant did not challenge the accuracy of the information revealed by the testimony and records. Furthermore, appellant never testified in his own behalf or offered any evidence of any kind or nature to refute the claimed convictions.

▮ The unrefuted evidence presented at the hearing by the government was reliable and obviously sufficient to satisfy the court that appellant had violated the terms of his probation. The Supreme Court in Morrissey v. Brewer and Gagnon v. Scarpelli, supra,

* Of the District of Idaho, sitting by designation.

emphasized that a parole or probation hearing is not to be equated with a criminal prosecution; that it is a narrow inquiry and that the process should be flexible enough to consider evidence including letters, affidavits and other material that would not be admissible in an adversary criminal trial. Even though we find that the evidence offered in this case was admissible, we believe that it would be a more proper and acceptable procedure if the government procured and used authenticated copies of records to prove convictions, especially when, as here, they were easily obtainable for use at the hearing. The government's performance here provided the appellant with a ground for appeal which would not otherwise have existed. This has cost the United States Attorney's office and this court unnecessary time and money. We believe it is time for the government to be more careful in cases like this so as to avoid unnecessary appeals.

In the circumstances of this case, due process as prescribed in *Morrissey* and *Gagnon* was afforded appellant and he was in no way prejudiced as a result of the procedure employed at the revocation hearing.

Affirmed.