**UNITED STATES of America, Appellee,**

v.

**Joseph PATTMAN, Appellant.**

**No. 76–1126.**

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1976.

Decided May 25, 1976.

Robert A. Hampe, St. Louis, Mo., for appellant.

Donald J. Stohr, U. S. Atty. (Barry A. Short, U. S. Atty., effective May 15, 1976), and Thomas E. Loraine, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Joseph Pattman appeals from revocation of his probation on the grounds that (1) he was not given timely written notice of the grounds for revocation, and (2) admission of a police arrest report violated his Sixth Amendment right to confrontation. We affirm the order of revocation.

Pattman pleaded guilty to possession of stolen mail in May 1975. Thereafter, he was placed on probation. The conditions of probation required him to notify his probation officer if he was arrested and to remain at all times within the Eastern District of Missouri. In December 1975, a probation violation warrant issued charging him with failing to report three arrests and leaving the district without permission. When Pattman was arrested pursuant to the warrant, a United States Marshal read him the charges. The same day he appeared before a United States Magistrate for a preliminary hearing. He was given a written copy of the charges after that hearing.

Nine days later, the revocation hearing was held. The only witness testifying at the final hearing was Pattman's probation officer. Over objection, the officer was allowed to read from a Missouri State Highway Patrol report which stated that Pattman had been arrested in September 1975, in the Western District of Missouri. The probation officer then stated that Pattman had not reported that arrest nor had he requested permission to leave the Eastern District.

On appeal Pattman contends that he was not given adequate notice of the grounds for revocation and that he was denied the right of confrontation. The controlling standards are delineated in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). *Morrissey* indicated that notice of the time, place and purpose of the preliminary hearing, as well as the alleged grounds for revocation, must be given. 408 U.S. at 486–87, 92 S.Ct. at 2602–03, 33 L.Ed.2d at 497–98. However, only with respect to the final revocation hearing is it clear that the notice must be in writing. *Id.* at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499. Pattman was given actual notice before the preliminary hearing and written notice well in advance of the final hearing. He has not shown any prejudice due to the failure to give written notice prior to the preliminary hearing. The error, if any, was harmless.

Second, we hold that admission of the police report for the limited purpose of showing that Pattman had in fact been arrested [1] was proper even though the arresting officer was not called to testify. While the right to confront and cross-examine adverse witnesses extends to parole and probation revocation hearings, *see Gagnon v. Scarpelli, supra; Morrissey v. Brewer, supra;* the Supreme Court emphasized that such proceedings are not part of the criminal prosecution and may be conducted under somewhat less rigid evidentiary rules. Thus, the Court said in *Morrissey*:

> [T]he process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.

---

1. The charge leading to probation revocation here was failure to report an arrest. Whether appellant actually committed the crimes for which he was arrested or whether there was probable cause for that arrest is immaterial to this proceeding. Thus, the report was used only to establish the fact of arrest.

408 U.S. at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499.

While the police report was hearsay, there was evidence of its reliability in that it contained Pattman's name and an accurate physical description of him. Further, Pattman had admitted to the probation officer that he was in the Western District of Missouri at the time in question. Under these circumstances, the evidence was properly admitted. *Cf. United States v. Miller,* 514 F.2d 41 (9th Cir. 1975).

The order of revocation is affirmed.