**Louis H. HOLDER, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 76–3227**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 3, 1977.

Rehearing Denied March 1, 1977.

Louis H. Holder, pro se.

Ronald T. Knight, U. S. Atty., Richard E. Nettum, John D. Carey, Asst. U. S. Attys., Macon, Ga., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

Holder was originally sentenced to the maximum 5-year term of imprisonment provided for the offense of interstate transportation of a stolen motor vehicle. 18 U.S.C. § 2312. Under 18 U.S.C. § 3651, 4½ years of the sentence were suspended, and Holder was ordered to serve 6 months; he was placed on probation for a period of 5 years, commencing with his release from imprisonment. One year and 8 months after Holder was released from prison his probation was revoked under 18 U.S.C. § 3653, and the court vacated the suspended sentence and imposed a sentence to be served of 4½ years.

Holder attacks the revocation of his probation, contending that it was improper because the district court considered his conviction for a drunk driving offense at which Holder contends he did not have counsel. He further contends that he should have been given credit on the sentence imposed for the time he spent on probation. These contentions are without merit. *United States v. Evers,* 534 F.2d 1186 (5th Cir. 1976). Holder's contention that the court improperly considered in sentencing some or all of 27 prior convictions which appeared on his rap sheet and which Holder asserts were invalid for various reasons is without merit. The record is clear that the district court based the decision to impose the entirety of the sentence originally suspended upon Holder's failure to keep the terms of his present probation as then promised. *Compare Campbell v. United States,* 538 F.2d 692, 693 (5th Cir. 1976), with *United States v. Evers,* 534 F.2d 1186 (5th Cir. 1976).

AFFIRMED.