**UNITED STATES of America, Appellee,**

v.

**Mario BURKHALTER, Appellant.**

**No. 78–1346.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 20, 1978.

Decided Dec. 7, 1978.

Mark W. Peterson, Minneapolis, Minn., filed brief for appellant.

Andrew W. Danielson, U. S. Atty., John M. Lee, Asst. U. S. Atty., and Jennifer R. Wellner, Intern, Minneapolis, Minn., filed brief for appellee.

Before LAY, ROSS and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Mario Burkhalter appeals from the revocation of his probation. For reversal he argues that (1) the government failed to prove he violated his probation; (2) the district court abused its discretion in revoking probation where the violations were not serious and available alternatives to incarceration were not explored; and (3) the proof relied upon was hearsay and therefore violated his right to confront and cross-examine witnesses. For the following reasons, we affirm the district court order revoking probation.[1]

Appellant was convicted of unlawful transfer of firearms and placed on probation for three years. The conditions of the probation required that he live in a halfway house and take vocational training under a program developed by the Minnesota Department of Vocational Rehabilitation. Pursuant to these requirements, he was placed in a halfway house on January 18, 1978, and enrolled in vocational school which commenced on February 1, 1978. On April 5, 1978, appellant received notice that

1. The Honorable Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota.

he had violated the terms of his probation because of his failure to "take" vocational training and his failure to comply with the rules of the halfway house.

An evidentiary hearing before United States Magistrate Judge George G. McPartlin was held on April 12, 1978, and, pursuant to a stipulation between counsel for the parties, the transcript of this hearing constituted the basis upon which the district court made its final determination.

The district court's findings rested on testimony from appellant's probation officer and his caseworker who was responsible for supervising appellant's activities at the halfway house. Over objection, both witnesses were allowed to rely upon a letter from appellant's vocational school instructor which stated that there were eleven instances within the first seven weeks of school when appellant had been absent from class and six other instances when he either arrived late or left early. Because of his absenteeism and disruptive behavior, appellant was dropped from the class on March 17, 1978. In addition, the caseworker testified as to numerous violations of the halfway house rules. Appellant failed to abide by the house sign-in and sign-out rules, left the house premises without authorization on two occasions, and on another occasion falsified his weekend destination.

■ Appellant first argues, relying on a strict construction of the terms of probation, that the government failed to prove a violation. Appellant claims he did comply with the literal requirements of the probation order, that is he did "reside" at the halfway house and "take" vocational training. We cannot agree, however, with appellant's strict construction argument. The terms of the probation order must be reasonably construed to require obedience to the rules and regulations of the house and a good faith effort to complete vocational training.

■ Appellant next maintains that even if these terms are "reasonably" construed, the government still failed to meet its burden of proof. We do not agree. The sufficiency of proof required to support revocation of probation clearly does not approach that required in support of a criminal conviction. *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Moreover, this court has traditionally given a great deal of latitude to the judge in a revocation proceeding. *United States v. Strada*, 503 F.2d 1081, 1085 (8th Cir. 1974). *See also United States v. Garza*, 484 F.2d 88 (5th Cir. 1973). In order to justify a revocation order "[a]ll that is required is enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of the probation." *United States v. Strada, supra*, 503 F.2d at 1085, *citing United States v. Garza, supra*, 484 F.2d at 89. *See also United States v. Smith*, 571 F.2d 370, 372 (7th Cir. 1978); *United States v. D'Amato*, 429 F.2d 1284, 1286 (3d Cir. 1970). The evidence in the present case was clearly sufficient to support a finding of a technical violation of the conditions of appellant's probation. In the absence of a "clear showing of abuse," *United States v. Clanton*, 419 F.2d 1304, 1305–06 (5th Cir. 1969), the findings of the district court will not be disturbed.

■ Appellant also contends that the district court abused its discretion in revoking his probation where the violations were not serious and alternatives to incarceration, although available, were not explored. This court said in *United States v. Reed*, 573 F.2d 1020, 1024 (8th Cir. 1978), that after determining the factual violation of the conditions of probation, the second step of deciding what to do about the violation is not purely factual but also predictive and discretionary. The decision to revoke cannot be merely a reflexive reaction to an accumulation of technical violations of conditions imposed, because "[t]he whole thrust of the probation-parole movement is to keep men in the community, working with adjustment problems there, and using revocation only as a last resort when treatment has failed or is about to fail." *Id., citing Gagnon v. Scarpelli*, 411 U.S. 778, 785, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656 (1973). Al-

though appellant has been on probation for only three months and his violations are not particularly serious in terms of their danger to society, his behavior indicates a pervasive unwillingness to follow the rehabilitation program. Appellant's absenteeism at school, generally poor attitude toward his classwork, and lack of attention to the rules and regulations of the halfway house indicate his inability to accept responsibility and to live within the rules of his probation. The district court presumably considered these facts in determining whether appellant's chances of becoming a useful citizen would be better served if he successfully completes a probationary program or if he is imprisoned. Under these circumstances, the district court did not abuse its discretion in finding that treatment had failed or was about to fail and ordering appellant's probation revoked.

Finally, appellant contends that the evidence presented by the probation officer and caseworker was in part hearsay and as such it should not have been admitted because it violated his right to confront and cross-examine adverse witnesses. Probation revocation hearings are not, however, part of the criminal prosecution and may be conducted under more flexible evidentiary rules. *Morrissey v. Brewer, supra,* 408 U.S. at 489, 92 S.Ct. 2593. This court in *United States v. Pattman,* 535 F.2d 1062 (8th Cir. 1976), held that hearsay evidence which is demonstrably reliable need not be subject to cross-examination or confrontation in a revocation proceeding. In *Pattman,* a police report was admitted for the purpose of proving the fact of defendant's arrest. The reliability of the evidence was demonstrated by the accurate physical description of the probationer in the report and his own admission that he was in the area of the arrest. *Id.* at 1064.

Appellant specifically objects to the admissibility of the vocational school instructor's letter and the caseworker's testimony concerning appellant's two unauthorized absences. This evidence is, however, demonstrably reliable. The sources are people who were familiar with appellant. They have not mistaken his identity nor his activities for those of any other individual. Their jobs require that they not only be aware of appellant's activities but also monitor his general behavior, including school attendance and obedience of house rules. Furthermore, appellant's own admission that he was absent from school on several occasions supports the reports of the vocational school instructor, probation officer, and caseworker. Testimony as to appellant's falsification of his weekend destination has an independent basis in his own admission and was therefore properly admitted.

For the foregoing reasons, the order of the district court is affirmed.