**Nathaniel Errol SMITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 79–1117.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 25, 1979.

Decided Aug. 2, 1979.

Nathaniel Errol Smith, pro se.

Robert D. Kingsland, U. S. Atty., and Mark A. Helfers, Asst. U. S. Atty., St. Louis, Mo., filing brief, for appellee.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

Nathaniel Errol Smith, proceeding pro se,[1] appeals from dismissal of his post-conviction petition brought under 28 U.S.C. § 2255. We review his contentions seriatim.

On appeal Smith contends the transfer of jurisdiction over his probation from the Western District of Louisiana to the Eastern District of Missouri was improper because he did not consent to the transfer. The transfer was accomplished pursuant to 18 U.S.C. § 3653. The decision to transfer jurisdiction is within the sound discretion of the transferor court and requires only the concurrence of the transferee court. *Id.*

Smith also asserts his probation was revoked on insufficient grounds. He did not contest revocation on a warrant charging: (1) loss of contact and failure to report; (2) admission to possession of a firearm; and (3) being a fugitive from local police authorities on a homicide charge. These are not merely technical violations; we find no abuse of discretion in the revocation of his probation.

Smith further asserts the sentencing court failed to give him credit for "street time." There is no support for this contention. *See United States v. Shead*, 568 F.2d 678 (10th Cir. 1978); *Holder v. United States*, 546 F.2d 616 (5th Cir. 1977); *Hall v. Bostic*, 529 F.2d 990 (4th Cir. 1975), *cert. denied*, 425 U.S. 954, 96 S.Ct. 1733, 48 L.Ed.2d 199 (1976).[2]

Accordingly, we affirm the judgment below.

---

1. After briefs were filed, this court denied appointment of counsel by administrative order, finding Smith failed to raise any arguable claims for relief.

2. Two additional claims are not cognizable grounds for relief under 28 U.S.C. § 2255. Smith attacks his conviction, arguing that the court should have informed him before it accepted his guilty plea of the possibility that jurisdiction over his probation could be transferred. Such information is not material to the voluntariness of the plea and is not within the technical requirements of Fed.R.Crim.P. 11. Smith's challenges to the admissibility and sufficiency of evidence in his probation revocation hearing are not cognizable under § 2255. *Houser v. United States*, 508 F.2d 509, 515–16 (8th Cir. 1974). Reliable hearsay evidence is admissible in probation revocation hearings. *United States v. Burkhalter*, 588 F.2d 604 (8th Cir. 1978).