Ted Skokos and Mike Rainwater, Little Rock, Ark., for defendant.

Kenneth Stoll, Asst. U.S. Atty., Little Rock, Ark., for the U.S.

**UNITED STATES of America, Plaintiff,**

v.

**Anthony ALARDIN, Defendant.**

**No. LR–CR–83–34.**

United States District Court, E.D. Arkansas, W.D.

April 25, 1985.

### ORDER

ROY, District Judge.

The Court having revoked the probation of the Defendant after a hearing on April 19, 1985, hereby issues its written findings. The inquiry in a probation revocation proceeding follows a two step procedure. First, the Court must make a factual finding that the defendant violated one or more conditions of his probation; then the Court must decide if commitment to prison is appropriate under the circumstances. The Court's decision to revoke in this case was certainly not undertaken lightly. The Court finds that the Defendant's behavior

demonstrates that he "cannot be counted on to avoid antisocial activity." *Morrissey v. Brewer,* 408 U.S. 471, 479, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484 (1972).

In reaching its decision the Court has only considered the evidence introduced at the hearing that was relevant to the violations of Probation Conditions Nos. 2 and 6 and Special Condition No. 2 as provided in the Petition for Probation Action. The Court has not considered any allegations concerning Michelle Cochran's grand jury testimony about the Defendant. The Court finds that the Defendant had adequate notice of the allegations against him and was provided ample opportunity at the hearing to present evidence and cross-examine witnesses.

█ As to Condition No. 2: "You shall associate only with law-abiding persons and maintain reasonable hours," the Defendant's violation of this condition was gross and willful. He repeatedly placed himself in position to see and visit with Ron O'Neal at his nightclub. The Defendant even participated with O'Neal in a scheme to covertly videotape a couple having sex in the Defendant's apartment so that O'Neal could gain "leverage" over the unsuspecting male partner. O'Neal who was on federal parole at the time and who is now serving an extended term in federal prison for various bombing violations, was allowed by the Defendant to use not only his apartment but also his videotape equipment and allowed O'Neal to install a two-way mirror to effect the scheme. The fact that the Defendant received no monetary gain from this scheme is no defense to the charge of violation of this Condition. Nor does the Court find that the Defendant's statement that he was afraid of O'Neal an acceptable explanation of the association he had with O'Neal. The association lasted over a period of several months in which the Defendant was a willing if not eager participant.

As to Condition No. 6: "Follow the probation officer's instructions," on November 19, 1984, Officer Noble warned the Defendant not to associate with O'Neal but as the Defendant has admitted, the association continued beyond that date.

As to Special Condition No. 2: "You shall not have firearms (or other dangerous weapons) in your possession," the Defendant admitted to Officer Noble and to the Court that he was given a .22 caliber Ruger pistol by O'Neal and kept it for a period of a week or ten days before he turned it in to Officer Noble, after having received a call from Treasury Agent Spurgeon in the O'Neal investigation.

The Court finds that there is overwhelming evidence of violation of each of these conditions. In fact, the Defendant and his counsel did not deny these violations at the hearing but merely asserted as a primary defense that the Defendant was using cocaine and alcohol regularly during this period.

The Court appreciated the testimony of the two experts for the Defendant. Dr. Stevens admitted that the Defendant knew what he was doing and was able to assist in his own defense. He is working for a securities firm requiring intelligence and ability in financial matters. Certainly the Defendant is experiencing some anxiety because of these proceedings but this does not excuse his probation violations nor prohibit the Court from imposing incarceration.

The Court finds that allowing the Defendant to remain on probation will not contribute to his rehabilitation. His behavior demonstrates an unwillingness to follow the rehabilitation program. He has been unable to accept responsibility and live within the probation program's rules. In reaching its decision the Court has followed the Eighth Circuit's guidelines found in *United States v. Reed,* 573 F.2d 1020 (8th Cir.1978) and *United States v. Burkhalter,* 588 F.2d 604 (8th Cir.1978).

IT IS ORDERED:

That the Defendant's probation is terminated and he is committed to the custody of the Attorney General or his authorized representative for a period of two years. The Court recommends that he be incarcerated

in an institution where he can receive treatment for alcohol, drug and emotional problems.