Reginald COUNTRY, Appellant,

v.

Ronald BARTEE, Chairman, Board of Parole; Carlos Alvarez, member; Doris Collins, member; M. Weiseman, member; Wayne Schruers, member; James McKenzie, Parole Administration, Appellees.

Reginald COUNTRY, Appellant,

v.

Gary GRAMMER, Warden, Appellee.

No. 86–1808.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 21, 1986.

Decided Jan. 8, 1987.

David R. Buntain, Lincoln, Neb., for appellant.

Laura L. Freppel, Asst. Atty. Gen., Lincoln, Neb., for appellees.

Before ROSS, JOHN R. GIBSON, and FAGG, Circuit Judges.

PER CURIAM.

Reginald Country appeals from the district court's[1] declaratory judgment in his favor and an award of expenses and attorney's fees. For the reasons set forth below, we affirm.

## I. BACKGROUND

Country was paroled from the Nebraska State Penitentiary on January 19, 1983. A condition of his parole was that he reside at a half-way house in Omaha, Nebraska. His parole was revoked following a parole violation hearing on November 7, resumed on December 5, 1983, at which the parole board determined Country had violated the residency condition of his parole.

Country filed two complaints with the district court, one alleging a 42 U.S.C.

§ 1983 (1982) civil rights action and the other petitioning for a writ of habeas corpus under 28 U.S.C. § 2254 (1982).[2] The complaints were consolidated. Country alleged in his complaint that he was denied at his revocation hearing the right to cross-examine an adverse witness, the manager of the half-way house who terminated his residency. A one-day trial to the court was held at which the adverse witness testified. The district court found that the parole board did deny Country his constitutional right to confront and cross-examine the half-way house manager. Nevertheless, the court ruled that the denial did not harm Country because the manager's testimony would not have aided Country. Accordingly, on the section 1983 claim the district court entered a declaratory judgment and an award of expenses and attorney's fees. The court denied Country's habeas petition, but issued a certificate of probable cause. Country filed this appeal.

## II. ANALYSIS

On appeal, Country argues that the district court erred by not awarding him relief beyond the award of expenses and attorney's fees. Specifically, Country argues that the denial of his right to cross-examine adverse witnesses is a fundamental element of due process and cannot be excused as harmless error. Thus, Country contends, it was error to allow such procedures to lead to his parole revocation. Rather, the district court should have ordered his return to parole status.

■ A parolee at a parole revocation hearing has the right to confront and cross-examine adverse witnesses. *Morrissey v. Brewer,* 408 U.S. 471, 487, 489, 92 S.Ct. 2593, 2603, 2604, 33 L.Ed.2d 484 (1972). This right, however, is not absolute. *Id.* The revocation hearing is not part of the criminal prosecution and may be conducted under more flexible procedures. *United States v. Burkhalter,* 588 F.2d 604, 607

---

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

2. The state admitted that Country "apparently exhausted his state habeas corpus relief as to the parole violation hearing."

(8th Cir.1978) (demonstrably reliable hearsay evidence need not be subject to confrontation or cross-examination in revocation proceeding); *United States v. Pattman,* 535 F.2d 1062, 1063–64 (8th Cir.1976) (per curiam).

■ Country's argument must be considered within this framework. That he was denied the opportunity to confront a witness against him does not automatically entitle him to relief. Rather, he must show that the denial of the right actually prejudiced him. *Bradley v. Fairfax,* 634 F.2d 1126, 1131 (8th Cir.1980); *United States v. Sutton,* 607 F.2d 220, 222 (8th Cir.1979); *Pattman,* 535 F.2d at 1063.

■ On appeal, Country alleges that the manager of the half-way house had consented to certain parole conditions specifically tailored to Country's work situation. However, the manager's written statement submitted at the parole revocation hearing and his testimony at the trial of these matters did not reveal such an understanding. The district court consequently ruled that the failure to allow Country to cross-examine the witness did not result in harm to Country. Country has failed to show on appeal that, had he cross-examined the manager, he could have shaken the statement. *Cf. United States v. Bell,* 785 F.2d 640, 644 (8th Cir.1986) (police reports sufficiently corroborated so parolee could not contend he could have shaken police officers' accounts with cross-examination). Consequently, Country has failed to show the requisite prejudice warranting habeas relief.

## III. CONCLUSION

The judgment of the district court is hereby affirmed.

