816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-appellee,
v.
Lawrence FROMAN, Defendant-appellant.
 No. 86-5540.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1987.
 
 Before MERRITT, WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Froman pled guilty to a violation of 18 U.S.C. Sec. 287 for willfully making false, fictitious and fraudulent claims for workmen's compensation. He was sentenced to five years imprisonment and was later placed on probation after serving six months in jail. Later, Judge Ballantine ordered the arrest of appellant to determine whether his probation should be revoked. On April 25, 1986, the court conducted a hearing to determine whether appellant had violated probation by failing to report to the U. S. Probation Office and by changing his place of residence without notifying the probation office. The court revoked appellant's probation and ordering him to serve the remaining fifty-four months of his five year sentence. Appellant brought this appeal from this order.
 
 
 2
 Supervision of appellant for probation under the conviction was initially given to Daryl Netherton of the United States Probation office for the western District of Kentucky on July 18, 1984. At the revocation hearing, Netherton stated that he had direct supervision of appellant from the beginning of the probationary period until supervision was transferred to Probation Officer Salgado in Florida when appellant moved to Clearwater, Florida in 1985. supervision was returned to Kentucky on November 6, 1985 when, according to the testimony of officer Netherton, appellant failed to submit his required monthly supervision report on November 1, 1985.
 
 
 3
 According to Netherton, appellant failed to appear for sentencing on October 15, 1985 for his state court conviction of first degree rape and sexual abuse. These offenses, however, were committed prior to the instant conviction and do not themselves form a basis for revocation. He testified also that Salgado did not find anyone at home when he attempted to visit appellant at his given home address on October 18, 1985. The last contact that appellant had with his Probation Officer was a telephone call on October 9, 1985.
 
 
 4
 The parties disagree about contents of a conversation between appellant and Netherton in April 1985 overheard by Verna Gibson, at whose home appellant resided until October 1985. The dispute concerns whether Netherton agreed to release appellant from probation if pending state charges were dropped. In appellant's brief he contends that "when the charges were dropped and Mr. Netherton and Mr. Salgado did not keep this promise that he left for Mexico." See Appellant's Brief at 4. Netherton testified that he personally had no authority to release appellant from probation, but could recommend a release. He claims that he did advise appellant that if the state charges for rape and other offenses were dismissed there might be a possibility of a recommendation to the Court that the probation be dismissed. The government asserts, however, that no recommendation was made because appellant was convicted.
 
 
 5
 Among Froman's conditions of probation were requirements to notify the probation officer of any change of address, to follow the officer's instructions and to report as directed. Appellant contends that no evidence was presented that he was required also to submit monthly reports on the first of each month. Appellant argues that the order revoking his probation was improperly based upon his failure to file one report.
 
 
 6
 Appellant also asserts that the testimony of Netherton in regards to the monthly report was unsubstantiated hearsay. He submits that he has a right to confront and question the witnesses against him in a probation revocation hearing. Since Officer Salgado was the probation officer responsible for appellant in October 1985, appellant argues that only Salgado would have personal knowledge of whether appellant had violated any reporting requirements at that time. He argues therefore that there was insufficient evidence upon which to base a revocation.
 
 
 7
 Flexible evidentiary standards prevail at probation revocation hearings; cross-examination or confrontation of reliable hearsay evidence is not required. United States v. Burkhalter, 588 F.2d 604, 607 (8th Cir. 1978). Netherton was the most reliable source of information concerning appellant's probationary status since jurisdiction over appellant always remained in Kentucky. we find his hearsay testimony to be reliable.
 
 
 8
 The revocation order does not specify the grounds for revocation of probation, but merely states that the court considered the record in its entirety. The conditions of probation, filed July 18, 1984, does not specify that a monthly report is required for probation, but it does state:
 
 
 9
 (4) You shall not leave the judicial district without permission of the probation officer.
 
 
 10
 (5) You shall notify your probation officer immediately of any change in your place of residence.
 
 
 11
 (6) You shall follow the probation officer's instructions.
 
 
 12
 (7) You shall report to the probation officer as directed.
 
 
 13
 Gagnon v. Scarpelli, 411 U.S. 778 (1973) sets out the minimum due process requirements for a probation revocation hearing:
 
 
 14
 "(a) written notice of the claimed violations of (probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole." Morrissey v. Brewer, supra, at 489.
 
 
 15
 Gagnon, 411 U.S. at 786. Morrissey v. Brewer, 408 U.S. 471 (1972) examined the reasoning to be employed in making a revocation decision:
 
 
 16
 Implicit in the system's concern with parole violations is the notion that the parolee is entitled to retain his liberty as long as he substantially abides by the conditions of his parole. The first step in a revocation decision thus involves a wholly retrospective factual question: whether the parolee has in fact acted in violation of one or more conditions of his parole. ... The first step is relatively simple.
 
 
 17
 Morrissey, 408 U.S. at 479-80.
 
 
 18
 The Court also stated that "[i]t is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." Id. at 489.
 
 
 19
 The general rule permits admissibility of reliable hearsay evidence in probation revocation proceedings. see, e.g., Egerstaffer v. Israel, 726 F.2d 1231, 1235 (7th Cir. 1984) ("where hearsay bears a substantial guarantee of trustworthiness, the flexible revocation proceeding allows its use"); United States v. Penn, 721 F.2d 762 (11th Cir. 1983) (no error in admission of hearsay); United States v. McCallum, 677 F.2d 1024 (4th Cir.), cert. denied, 459 U.S. 1010 (1982) (same); Smith v. United States, 603 F.2d 722, 723 n.2 (8th Cir. 1979) ("Reliable hearsay evidence is admissible in probation revocation hearings"); United States v. Burkhalter, 588 F.2d 604, 607 (8th Cir. 1978) ("hearsay evidence which is demonstrably reliable need not be subject to cross-examination or confrontation in a revocation proceeding"); United States v. Cates, 402 F.2d 473, 474 (4th Cir. 1968) ("A revocation hearing is an informal proceeding and rules of evidence need not be strictly observed").
 
 
 20
 Based upon these authorities, we find the hearsay testimony of officer Netherton was reliable and admissible in the probation revocation hearing, and might properly be relied upon by the district court.
 
 
 21
 In Hensley v. United States, 257 F.2d 681, 684 (5th Cir. 1958), it was held that the mere transfer of supervisory duties to another probation officer due to the relocation of the defendant did not transfer the jurisdiction of the sentencing court. We find this reasoning persuasive.
 
 
 22
 Appellant's admission at the hearing that he had absconded to Mexico, moreover, was sufficient grounds alone for revocation. The record reflects the following testimony of appellant:
 
 
 23
 MR. GRISE: Mr. Froman, have you ever received any court papers telling you that you were no longer on probation?
 
 
 24
 MR. FROMAN: No, sir.
 
 
 25
 Q Did you ever get a call from a probation officer who told you 'Congratulations, mr. Froman, you are no longer on probation'?
 
 
 26
 A No, sir.
 
 
 27
 Q Where did you live in October of 1985?
 
 
 28
 A Clearwater, Florida.
 
 
 29
 Q And where did you live in November of 1985?
 
 
 30
 A In that area.
 
 
 31
 Q Could you be more specific?
 
 
 32
 A No, sir.
 
 
 33
 Q You don't remember where you lived in November of 1985?
 
 
 34
 A I remember, but I don't see it has any bearing on this matter.
 
 
 35
 Q I'm sorry?
 
 
 36
 A I do. But I don't think it has no bearing on this matter.
 
 
 37
 BY THE COURT: I didn't understand what you said.
 
 
 38
 MR. GRISE: He said it has no bearing on this matter.
 
 
 39
 BY THE COURT: It certainly does.
 
 
 40
 MR. MURRELL: I think he's right, too, Your Honor, because the violation in this case only goes through November 1, and that's what they are alleging in the motion to revoke.
 
 
 41
 BY THE COURT: All right. Objection overruled. Answer the question.
 
 
 42
 Q where did you live in November of 1985?
 
 A Mexico
 
 43
 Q Were you there the whole month?
 
 
 44
 A Yes.
 
 
 45
 Q How about December?
 
 
 46
 A Yes, sir.
 
 
 47
 Q How about January of this year?
 
 
 48
 A No, sir.
 
 
 49
 Q When did you leave Clearwater, Florida?
 
 
 50
 A October the 14th, 15th, I don't know. I'm not even sure what date it was.
 
 
 51
 Probation was properly revoked in this case based on Froman's own testimony, despite his contention that the probation officers somehow mislead him into believing that the probation requirements might be dismissed.
 
 
 52
 Appellant argues that he should merely be required to serve a lesser portion of his sentence because only hearsay was submitted for evidence against him at the hearing and because this violation was a technical one, and because he claims to have been a model prisoner.
 
 
 53
 Appellant may be foreclosed from asserting any improper use of hearsay on appeal because he did not raise the issue at the proper time. United States v. Cates, 402 F.2d 473, 474 (4th Cir. 1968). in Sims v. United States, 607 F.2d 757, 759 (6th Cir. 1979), we held:
 
 
 54
 When the court suspends the imposition of sentence and places the defendant on probation, it is authorized, upon revocation of probation to impose any sentence within the limits of statutory authority. Merely placing a defendant upon probation is not a sentence under 18 U.S.C. Sec.3651. United States v. Fried, 436 F.2d 784, 787 (6th Cir. 1971).
 
 
 55
 Under the circumstances, we find the decision of the district court not unreasonable and within his discretionary authority. Appellant violated the terms of his probation, and he admittedly realized the possible consequences of this action. The district court did not abuse its discretion in re-imposing the original sentence upon appellant.
 
 
 56
 We AFFIRM the judgment accordingly.