990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John HUNT, aka Ian Hahn, Defendant-Appellant.
 No. 92-10023.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Hunt appeals the district court's revocation of his probation. Hunt was convicted, following a guilty plea, for interstate transportation of money taken by fraud in violation of 18 U.S.C. § 2314. Hunt argues that the district court erred by revoking his probation because (1) his failure to pay restitution as required by the conditions of his probation was not willful, (2) his probation was revoked under circumstances inherently misleading to him, and (3) he was denied his due process right to confrontation. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for abuse of discretion the district court's decision to revoke probation. United States v. Shampang, No. 92-30047, slip op. at 2179, 2183 (9th Cir. Mar. 10, 1993).
 
 
 4
 * Willfulness
 
 
 5
 Hunt first argues that the district court erred by revoking his probation because his failure to pay restitution was not willful, but rather a result of his financial condition. This contention lacks merit.
 
 
 6
 The standard of proof required to revoke probation "is that evidence and facts be such as reasonably to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." United States v. Guadarrama, 742 F.2d 487, 489 (9th Cir.1984) (per curiam); see also United States v. Tham, 884 F.2d 1262, 1265-66 (9th Cir.1989). In determining whether to revoke probation for failure to pay restitution, the district court must consider whether the probationer made sufficient bona fide efforts to pay. See Bearden v. Georgia, 461 U.S. 660, 672 (1983).
 
 
 7
 Here, Hunt paid only $500.00 of the required $25,000.00 in restitution, although he earned approximately $86,000.00 during 1990. Probation Officer Fulper testified that Hunt treated the restitution condition as a joke. Furthermore, Hunt admitted that he did not file a 1990 tax return and did not file 1986 or 1987 returns until after he received notice of the second revocation hearing. Accordingly, the district court could reasonably find that Hunt failed to pay restitution and taxes as required by the conditions of his probation. See Guadarrama, 742 F.2d at 489; see also Bearden, 461 U.S. at 674.
 
 II
 Misleading Circumstances
 
 8
 Hunt next argues that the district court erred by revoking his probation under circumstances inherently misleading to him because the court was aware of his failure to pay restitution at the time of the first revocation proceeding and, nevertheless, allowed him to remain on probation. We disagree.
 
 
 9
 "Revocation of probation after unreasonable delay or under circumstances inherently misleading to the probationer is an abuse of discretion." United States v. Hamilton, 708 F.2d 1412, 1415 (9th Cir.1983); accord Shampang, No. 92-30047, slip op. at 2187.
 
 
 10
 Here, the district court did not consider whether Hunt failed to pay restitution at the first revocation proceeding because the government dismissed this allegation in exchange for Hunt's admission of other probation violations. The government, defense counsel, and the district court all indicated that Hunt would still be expected to comply with the original probation conditions. Accordingly, Hunt's probation was not revoked under circumstances inherently misleading to him. See Shampang, No. 92-30047, slip op. at 2187.
 
 III
 Right to Confrontation
 
 11
 Finally, Hunt contends that the district court erred by admitting hearsay testimony regarding documents in his probation file and the restitution payment schedule he allegedly arranged with another probation officer. Hunt also contends that the district court erred by denying his motion to dismiss the second petition for revocation based on the absence of Probation Officer Lehner from the second revocation hearing. Hunt contends that these errors denied his due process right to confrontation. These contentions lack merit.
 
 
 12
 A probationer's due process right to confrontation requires that he receive "a fair and meaningful opportunity to refute or impeach the evidence against him." United States v. Martin, No. 92-10240, slip op. 475, 480 (9th Cir. Jan. 21, 1993). In cases involving the right to confrontation, we employ "a process of balancing the probationer's right to confrontation against the Government's good cause for denying it." United States v. Simmons, 812 F.2d 561, 564 (9th Cir.1987); see also Martin, No. 92-10240, slip op. at 480.
 
 A. Tax Forms
 
 13
 Fulper testified that tax forms in Hunt's probation file indicated that he had earned sufficient money to be required to file a 1990 tax return. Fulper admitted that although she had seen the forms, which were submitted by Hunt, another probation officer had added the figures contained therein to arrive at a total. Fulper's hearsay testimony was corroborated by Hunt's admission that he did not file a 1990 return because of the amount of his tax liability for that year and the penalties involved. Accordingly, we conclude that the admission of this testimony did not violate due process. See United States v. Miller, 514 F.2d 41, 43 (9th Cir.1975) (per curiam) (no violation of confrontation rights where probationer did not challenge the accuracy of unauthenticated records nor offer any evidence to refute the records).
 
 B. Restitution Payment Schedule
 
 14
 Hunt did not object to the admission of Fulper's testimony regarding Hunt's restitution payment schedule with another probation officer. Hunt also did not object to the admission of Horn's testimony that documents in Hunt's probation file indicated that he paid only $500.00 in restitution. Accordingly, we review the admission of this testimony for plain error. See Simmons, 812 F.2d at 564. "Under this standard, there must be a highly prejudicial error affecting substantial rights." Id. (citations omitted).
 
 
 15
 Here, Hunt admitted that he paid only $500.00 of the required $25,000.00 in restitution, despite the fact that he made over $86,000.00 in 1990. Fulper and Horn testified that Hunt paid only $500.00 in restitution, and Fulper testified that Hunt treated the restitution condition as a joke. Therefore, we conclude that the admission of hearsay testimony regarding the restitution payment schedule and documents in Hunt's probation file indicating that he paid only $500.00 in restitution was not plain error. See Simmons, 812 F.2d at 565; see also Miller, 514 F.2d at 42.
 
 C. Failure to Procure Lehner as a Witness
 
 16
 Hunt contends that the district court erred by denying his motion to dismiss the second petition for revocation based on the absence of Lehner from the second revocation hearing. He contends that Lehner's absence denied him an opportunity to show that defense counsel and Lehner reached an understanding at the first revocation proceeding and, therefore, his failure to pay restitution was not willful. Although Hunt objected to the absence of Lehner, he never testified in his own behalf nor offered any evidence to support the alleged understanding. The government stated that Lehner's absence was due to the fact that he was on medical leave. Therefore, we conclude that the court's denial of Hunt's motion to dismiss the second petition for revocation did not violate due process. See Simmons, 812 F.2d at 565 (good cause for denying probationer's right to confrontation may arise from the difficulty and expense of procuring witnesses) (citations omitted); Standlee v. Rhay, 557 F.2d 1303, 1307-08 (9th Cir.1977) (absence of key alibi witness from revocation hearing did not violate due process where parolee failed to show that absence was prejudicial).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3