5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John Oscar BROTHERS, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION; Mark Henry, Respondents-Appellees.
 No. 92-56222.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 24, 1993.
 
 Before PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner John O. Brothers appeals pro se the district court's denial of his habeas petition challenging the revocation of his parole. The United States Parole Commission found that Brothers violated parole by possessing a firearm, based on his arrest and prosecution (and subsequent acquittal) on state charges of being a felon in possession of a firearm and unauthorized possession of a firearm. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review the denial of a petition for a writ of habeas corpus de novo, Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988), and we affirm.
 
 SUFFICIENCY OF THE EVIDENCE
 
 3
 Brothers alleges that there was insufficient evidence to support the Commission's finding that he had violated his parole by possessing a firearm, and that the Commission erred by considering evidence from a state court proceeding that resulted in an acquittal.[1]
 
 
 4
 Review of the Commission's parole decision is "exceedingly narrow," and this court will review the decision only where the Commission has acted outside the parole guidelines or has acted arbitrarily so as to violate a prisoner's right to due process. Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987) (per curiam). The Commission may revoke parole if it finds that a parolee has violated a condition of his parole, see United States v. Miller, 514 F.2d 41, 42 (9th Cir.1975) (per curiam), based on a preponderance of the evidence taken as a whole, see Walker, 816 F.2d at 1317. The Commission may use as evidence dismissed criminal charges in considering revocation of parole. Bowen v. United States Parole Comm'n, 805 F.2d 885, 888 (9th Cir.1986); 28 C.F.R. Sec. 2.19(c).[2] Neither the credibility of evidence in parole cases, see Roberts v. Corrothers, 812 F.2d 1173, 1179 (9th Cir.1987), nor the Commission's reliance on police reports, is reviewable, see id., Wallace v. Christensen, 802 F.2d 1539, 1551 (9th Cir.1986) (en banc).
 
 
 5
 The police report of Brothers's arrest on the weapons charge and the testimony of the arresting officer during the state trial indicate that during a police raid Brothers was discovered sitting next to a gun. The police officers reported they observed Brothers trying to hide the gun. The Commission's decision not to credit Brothers's testimony, that he did not touch the gun which he alleged was his wife's, is not reviewable by this court. See Roberts, 812 F.2d at 1179. There was sufficient evidence for the Commission to conclude there was a preponderance of evidence that Brothers possessed a firearm, thereby constituting a basis for revocation of his parole. See Miller, 514 F.2d at 42.
 
 DUE PROCESS
 
 6
 Brothers contends that the Commission violated his right to due process when it failed to disclose in advance the evidence presented at the revocation hearing. In a parole revocation hearing, due process requires: "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person; (d) with the right to confront witnesses; (e) before a neutral hearing body; and (f) a written statement listing the evidence and reasons for revoking parole." Morrissey v. Brewer, 488 U.S. 471, 489 (1972). The Commission considered evidence of the original police report, the preliminary hearing, the Commission's violation report, court documents submitted by the public defender's office, and a phone memo of August 7, 1991 of a conversation between the Commission and the prosecutor. Brothers received notice of all of this evidence, except for the phone memo, in a July 11, 1991 probable cause letter sent to him by the Commission. The Commission also disclosed to Brothers the phone memo and provided him an opportunity to contest its contents prior to revoking his parole. Consequently, the Commission did not violate Brothers's due process rights. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brothers contends that the Commission's use of 28 C.F.R. Sec. 2.19(c) (1991) violated the ex post facto clause of the constitution; however, parole regulations are not laws for the purposes of the ex post facto clause. See, e.g., Wallace v. Christensen, 802 F.2d 1539, 1553 (9th Cir.1986) (en banc)
 
 
 [2]
 28 C.F.R. Sec. 2.19(c) provides in relevant part as follows:
 If the Commission is given evidence of criminal behavior that has been the subject of an acquittal in a federal, state, or local court, the Commission may consider that evidence if:
 (1) The commission finds that it cannot adequately determine the prisoner's suitability for release on parole, or to remain on parole, unless the evidence is taken into account;
 (2) The Commission is satisfied that the record before it is adequate notwithstanding the acquittal;
 (3) The prisoner has been given the opportunity to respond to the evidence before the Commission; and
 (4) The evidence before the Commission meets the preponderance standard.