24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerry PRESIDENT, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, et al., Respondent-Appellee.
 No. 93-35938.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry President, a federal prisoner, appeals pro se the magistrate judge's denial of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2241. President contends that his parole revocation hearing violated his constitutional rights because (1) his probation officer attended the hearing and remained in the room during the deliberations, (2) the hearing examiner's recommendation was modified, and (3) the factual findings were flawed. We have jurisdiction pursuant to 28 U.S.C. Secs. 636(c)(3), 2253 and affirm.
 
 
 3
 President was on parole when a police officer arrested him for beating his live-in companion, Mildred Earls, and chasing her with a knife. The officer found President in the kitchen holding the knife. One month later, President was arrested again for beating Earls and threatening her with a knife and a hammer.
 
 
 4
 We review de novo whether the Parole Commission violated the Constitution. Wallace v. Christensen, 802 F.2d 1539, 1552 (9th Cir.1986) (en banc). If the Commission exercised a judgment within its discretion, however, we do not have jurisdiction. Id. Although we may consider whether the Commission's action in revoking parole was so arbitrary as to violate due process, the relevance of the information considered by the Commission and the evaluation of that evidence is committed to the Commission's discretion and beyond judicial review. Roberts v. Corrothers, 812 F.2d 1173, 1180 (9th Cir.1987); Wallace, 802 F.2d at 1551-52.
 
 
 5
 * Presence of Probation Officer
 
 
 6
 President contends that he was denied a neutral and detached hearing body because E. Jane Pierson--the probation officer who initially recommended that a parole violator warrant issue--attended the hearing, he was not notified that she would attend, and he did not request her presence. This argument lacks merit.
 
 
 7
 Due process requires that a parolee be given a hearing before a neutral and detached hearing body. Morrissey v. Brewer, 408 U.S. 471, 489 (1972).
 
 
 8
 Pierson's attendance and participation as a witness was permissible. Cf. United States v. Miller, 514 F.2d 41, 42 (9th Cir.1975) (hearsay testimony by probation officer was reliable and admissible).[1] The Commission was entitled to call Pierson as a witness without President's consent. See 28 C.F.R. Sec. 2.50(c) (1993) (Commission entitled to "request the attendance of persons who have given statements upon which revocation may be based"); id. at Sec. 2.51 (Commission may, on its own motion, subpoena "a witness whose testimony is necessary to the proper disposition" of the case). President was notified that Pierson's warrant request would be used against him and he was given the opportunity to cross examine her. See Morrissey, 408 U.S. at 489 (parolee entitled to notice of evidence to be presented and opportunity to cross examine witnesses). Accordingly, the procedures did not violate due process. Id.
 
 
 9
 President also alleges that Pierson remained in the room during the hearing examiners' deliberations. We conclude that President failed to show a due process violation because he offers neither factual support for the allegation nor proof of any resulting prejudice. Cf. O'Bremski v. Maass, 915 F.2d 418, 422-23 (9th Cir.1990) (whether parolee presented sufficient facts to show parole board was biased against him was a close question given board's letter stating it was "doing everything we legally can to defer parole"; but parolee failed to establish prejudice because board acted lawfully in setting a new release date), cert. denied, 498 U.S. 1096 (1991).
 
 II
 
 10
 Modification of Hearing Examiner's Initial Recommendation
 
 
 11
 President contends that the Commission improperly modified the hearing examiners' recommendation. We disagree.
 
 
 12
 Although hearing examiners conduct hearings and make recommendations, the Parole Commission makes the final decision. 28 C.F.R. Sec. 2.23(a), (d) (1993). A Regional Commissioner may review the hearing examiners' recommendation and modify it. Id. Sec. 2.24(b)(2). If the Regional Commissioner recommends a modification of more than six months, however, a referral to the National Commissioners is required. Id. Sec. 2.24(a).
 
 
 13
 Here, the hearing examiners rated the severity of President's offense as category 2 despite the use of knives and a hammer because it was "a domestic dispute." The examiners recommended a 22-month term. After reviewing the recommendation, the Regional Commissioner concluded that the severity rating should be category 5 and President should serve the remaining 34 months of his sentence in custody. The Parole Commission agreed.
 
 
 14
 The regulations to modify the initial recommendation were followed, thus the Commission did not exceed its statutory authority. See Wallace, 802 F.2d at 1553. Moreover, the decision to rate President's offense at category 5 was supported by the evidence that he used knives and a hammer during his attacks on Earls and was consistent with the severity index. See id. (classification of parolee's offense behavior was within Commission's discretion); 28 C.F.R. Sec. 2.20, ch. 2, subch. B, Sec. 212(b) (1993) (if a dangerous weapon is used in an assault, grade as category five).
 
 III
 Factual Findings
 
 15
 President argues that the Commission abused its discretion by finding that he committed an assault with a deadly weapon because the sole evidence was a police report.
 
 
 16
 Here, considerable evidence--including the testimony of the arresting officers and the probation officer--supported the conclusion that President had threatened Earls with knives and a hammer on two occasions. See, e.g., Walker v. United States, 816 F.2d 1313, 1317 (9th Cir.1987); Roberts, 812 F.2d at 1181. The Commission did not treat the arrest reports as "conclusive," as President suggests, but merely as one item of evidence. Cf. Walker, 816 F.2d at 1317 (preponderance of evidence standard applies to evidence as a whole; Commission did not act beyond its discretion by considering a presentence investigation report); Miller, 514 F.2d at 42 (state probation report, among other evidence, was sufficient to establish probation violation).[2]
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 President mistakenly believes that Pierson was the officer "who wrote the revocation order for his parole to be revoked." Although Pierson requested that a parole violator warrant issue, she was not one of the hearing examiners
 
 
 [2]
 Although we are not bound by out-of-circuit authority, the cases cited by President are distinguishable. In Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1156 (6th Cir.1984), the Commission revoked parole solely on the probation officer's summary of an arrest report. Because the Commission could have obtained the arrest report or the testimony of the arresting officers, the Sixth Circuit held that the absence of reliable evidence was an abuse of discretion. Id. By contrast, the evidence against President included both the arrest reports and the testimony of the arresting officers
 In Drayton v. McCall, 584 F.2d 1208, 1221 (2d Cir.1978), the hearing examiner made no attempt to determine the facts but instead relied solely on a prison disciplinary report. Here, the conclusions were based on the evidence presented at the hearing.