# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3453

_____

United States of America,

*Plaintiff - Appellee,*

v.

Joel Edward Kimball,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: September 24, 2018
Filed: January 10, 2019
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

After Joel Kimball violated the terms of his supervised release, the district court[1] revoked his supervision and sentenced him to eight months' imprisonment,

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

followed by four years of supervised release. The district court also imposed a condition that he reside in a residential reentry center for 180 days immediately after his release from custody. Kimball appeals, challenging the substantive reasonableness of the sentence and the condition that he reside at a reentry center. We affirm.

In 2008, Kimball pleaded guilty to one count of failure to register as a sex offender. *See* 18 U.S.C. § 2250(a). He served a term of twenty-four months' imprisonment and commenced a ten-year term of supervised release. Twice before this proceeding, the district court had revoked Kimball's supervised release. In 2014, Kimball violated his conditions of release by using a controlled substance. In 2015, he violated rules at a residential reentry center and failed to follow the instructions of two probation officers. In both instances, the court sentenced Kimball to eight months' imprisonment followed by four years of supervised release, and included a condition requiring that Kimball live at a residential reentry center for up to 120 days upon his release.

In September 2017, the probation office filed a petition to revoke Kimball's supervised release alleging the following violations: (1) use of alcohol, (2) failure to submit monthly report forms to the probation office, (3) failure to participate in substance-abuse testing, (4) failure to participate in sex-offender treatment, and (5) use of a controlled substance. The district court found that all violations were established by a preponderance of the evidence.

The advisory guideline sentencing range for this revocation was four to ten months' imprisonment. The district court, after remarking that Kimball "is an individual who needs supervision based on his very serious criminal past," sentenced him to eight months' imprisonment, followed by four years of supervised release. Kimball asked if he could return to his apartment after he was released, but the court demurred: "You're going to come out through a residential reentry center." The

judgment imposed a special condition requiring Kimball to reside at a residential reentry center for 180 days upon his release from imprisonment.

We review the reasonableness of Kimball's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). Because Kimball's term of imprisonment is within the advisory guideline range, we presume that it is reasonable. *United States v. Petreikis*, 551 F.3d 822, 824 (8th Cir. 2009).

Kimball first argues that the sentence frustrates the purpose of supervised release. He asserts that the district court revoked his release for mainly "technical" violations, and cites *United States v. Reed*, 573 F.2d 1020 (8th Cir. 1978), for the proposition that a court's "decision to revoke probation should not merely be a reflexive reaction to an accumulation of technical violations of the conditions imposed upon the offender." *Id.* at 1024. But as Kimball concedes, his use of marijuana in violation of federal law is not a "technical" violation. And we have said that a "pervasive unwillingness" to follow a rehabilitation program and court orders is not properly characterized as "technical." *United States v. Melton*, 666 F.3d 513, 516 (8th Cir. 2012); *see also United States v. Burkhalter*, 588 F.2d 604, 607 (8th Cir. 1978). The district court also acted within its discretion in rejecting Kimball's policy argument that incarceration is not the most effective way to address unlawful use of marijuana. The sentence imposed is consistent with the purposes of supervised release.

Kimball next challenges the condition that he reside at a residential reentry center upon his release from imprisonment. He maintains that he should be permitted to move directly to a private apartment, because he is a "low-risk" offender for whom residential reentry is an unnecessary expenditure of federal funds. But whether or not Kimball poses a serious risk of harm to others, his track record of incorrigibility suggests that a structured transition from imprisonment to society is appropriate. The district court permissibly may consider the best way to reduce the risk of recidivism,

and "we have regularly upheld the requirement of a term in a residential reentry center as a reasonable condition of supervised release." *Melton*, 666 F.3d at 518. The court did not abuse its discretion by including this condition.

The judgment of the district court is affirmed.

_____