**Alvin E. GONEY, Appellant,**

v.

**James E. CLARK, Jr., Warden, Fayette County Jail.**

**No. 83–5861.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 1, 1984.

Decided Dec. 6, 1984.

James D. Crawford, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellant.

Phillip T. Warman, County Sol., Fayette County, Uniontown, Pa., for appellee.

Before ALDISERT, Chief Judge, HUNTER and WEIS, Circuit Judges.

## OPINION OF THE COURT
### PER CURIAM.

The major issue in this appeal brought by a prisoner in a civil rights action against a warden is whether, pursuant to 28 U.S.C. § 636(b)(1), the district court should have engaged in a *de novo* review of the magistrate's report by reading a transcript or listening to a tape recording of the entire hearing before the magistrate. Section 636(b)(1) requires that a plaintiff must file both timely and specific objections to the report to trigger *de novo* review. The appellant argues that his objections were timely and that because they involved the whole report, a review of a transcript or tape recording was mandated. Because this issue implicates the interpretation and application of legal precepts, our review is plenary. *Universal Minerals, Inc. v. C.A.*

*Hughes & Co.*, 669 F.2d 98, 102–03 (3d Cir.1981).

We conclude that in this action brought under 42 U.S.C. § 1983, the district court did not err by adopting the magistrate's recommendation and report without reviewing a transcript or tape recording of the hearing before the magistrate.

Plaintiff-appellant Alvin Goney, a prisoner in the Fayette County Jail, filed this § 1983 action against the Fayette County, Pennsylvania, warden, James Clark, alleging that the warden had unlawfully transferred him to solitary confinement without a hearing. The case was tried to a magistrate pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate submitted her report and recommendation to the district court, and recommended ruling against plaintiff. Goney subsequently filed a *pro se* "Motion for Notification of Appeal," which the district court treated as objections to the magistrate's report. In its review of that report, the district court relied only on the pleadings, documents, and a summary of the testimony, and did not review either a transcript or a taperecording of the hearing. Appellant argues on appeal that the district court should have engaged in a word-for-word review of the entire proceeding before the magistrate. We disagree.

To obtain *de novo* determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report. For the purpose of our analysis we are assuming that timely objections were made.[1] The district court is to "make a *de novo* determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added). Obviously, therefore, a *de novo* determination is not always required. Courts have held that a district court need not conduct a *de novo* determination if objections are not timely, *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir.), *cert. denied*, —— U.S.

---

1. Although there is some dispute as to whether plaintiff's objections were timely filed, we need not address this question because we conclude that plaintiff's objections lacked the specificity necessary to trigger *de novo* review.

——, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984), or not specific. *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir.1982) (in banc). Because these cases seem to vindicate the congressional mandate, we adopt those portions of those opinions relevant here.

We are satisfied that providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process. *See* H.R.Rep. No. 1609, 94th Cong., 2d Sess. 4–8, *reprinted in* 1976 U.S.Code Cong. & Ad.News 6162, 6164–68. Moreover, the Supreme Court has recognized the discretion afforded federal district courts in their use of magistrate's reports. *See United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Here, appellant's objections were clearly general in nature; they lacked the specificity required by § 636(b)(1). The appellant's motion, or notice of objections, stated that his intent was only to appeal the Magistrate's bias. Appendix at 34a. There was no objection to a specific portion of the report. A word-for-word examination of the entire proceedings before the magistrate therefore was not required and the review of the pleadings, documents, and a summary of the testimony—as was performed here—was within the district court's discretion.

The judgment of the district court will be affirmed.