**Delman Wesley BALL, Petitioner,**

v.

**U.S. PAROLE COMMISSION,**
**Respondent.**

Civ. No. 3:CV–93–1689.

United States District Court,
M.D. Pennsylvania.

March 31, 1994.

The lab'ring mountain scarce brings forth a mouse.

Delman Wesley Ball, pro se.

Frederick E. Martin, Office of the U.S. Atty., Lewisburg, PA and David M. Barasch, U.S. Attorney's Office, Harrisburg, PA, for respondent.

1. As the factual background of the case and the details of the parole revocation proceedings have been laid out at length by the parties and the Magistrate Judge, the court finds it unnecessary to do so again.

2. Document 8.

3. *See* Revocation Summary, attached as Exhibit 12 to the Government's response (Document 6).

## MEMORANDUM

KOSIK, District Judge.

The petitioner, a federal prisoner proceeding *pro se* and *in forma pauperis,* presently confined at the United States Penitentiary, Lewisburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 1, 1993. In the petition, petitioner challenges the revocation of his parole by the United States Parole Commission (the "Commission") on or around June 10, 1993. The case was referred to United States Magistrate Judge J. Andrew Smyser.[1]

On February 9, 1994, the Magistrate Judge issued a Report and Recommendation[2] finding that petitioner was not given sufficient opportunity to confront and cross-examine witnesses at the revocation hearing. At the hearing, the Commission relied solely on police reports and the admissions of petitioner for its determination to revoke parole and called no witnesses to testify.[3] The Magistrate Judge acknowledged that petitioner's counsel informed the Commission that he would not be subpoenaing any witnesses at the hearing, however he determined that this was not an intentional waiver on the part of petitioner of his right to cross-examine witnesses.[4] *See Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Accordingly, the Magistrate Judge recommended that:

1. the Parole Commission afford petitioner a new parole revocation hearing in compliance with *Morrissey v. Brewer;*

2. the parole commission file with the Court a notice of action in this case within 60 days from the date of the Court's Order;

3. if, at the new revocation hearing, the Commission admits the police reports into

4. *See* Report at p. 9: "The letter does not unequivocally waive the petitioner's right to confront and cross-examine adverse witnesses. The letter appears to indicate that the petitioner will not subpoena anyone, but it does not indicate that the petitioner has waived all his rights to confront adverse witnesses."

The Magistrate Judge also found that the Parole Commission failed to give "good cause" for disallowing petitioner the opportunity to confront adverse witnesses. *See* Report, p. 12.

evidence without affording Ball the right to confront and cross-examine adverse witnesses, the Commission shall indicate its reasons for not allowing confrontation; and

4. if the Commission does not provide the petitioner with a new revocation hearing in compliance with *Morrissey v. Brewer*, the Commission remove the aggravated robbery, attempted robbery and theft violations from petitioner's parole violation record and reconsider the length of the petitioner's sentence.

On February 28, 1994, the respondent United States filed objections to the Report and Recommendation.[5] In the document, the Government provides further evidence via telephone slips, that petitioner, through appointed counsel, was provided ample opportunity to call witnesses, but voluntarily declined to do so.[6]

■ When objections are filed to a Magistrate Judge's report, the court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989). In so doing, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we are permitted by statute to rely upon the Magistrate Judge's proposed findings and recommendations to the extent we, in the exercise of sound discretion, deem proper. *United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, 65 L.Ed.2d 424 (1980) and *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir.1984).

■ We find that the evidence of record supports the Government's argument that petitioner was provided an ample opportunity to call witnesses and to confront adverse witnesses, but voluntarily declined to do so, through his counsel and otherwise. At his preliminary interview conducted February 17, 1993, the petitioner filled out Parole Form F–2 indicating that he wished to pro-

ceed with the preliminary interview and that he did not request the presence of any adverse witnesses. At the conclusion of the preliminary interview, the probation office advised petitioner of the charges and found probable cause to believe that petitioner had committed the violations, except for the charge of burglary. Part II of Form F–2, which is required to be read and acknowledged, allowed petitioner to request a local revocation hearing. Part II provides in part, "In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance." Petitioner did not request any adverse witnesses nor did he indicate he would present any witnesses of his own.

Prior to the revocation hearing petitioner had the benefit of counsel. Both requested a continuance of the hearing until June 1993 in order to present witnesses. On June 4, 1993, counsel wrote to the parole commission: "Pursuant to our conversation earlier today, this letter is to inform you of our request not to subpoena anyone to Mr. Ball's revocation hearing next week." The hearing was held on June 10, 1993, after which the examiners recommended finding that petitioner had violated the charges against him, except for the burglary charge. The decision was affirmed on appeal.

The Magistrate Judge found that the panel at the revocation hearing relied upon the parole agent's violation report and police reports. He acknowledged that the full panoply of rights applicable to a criminal proceeding are not applicable in a revocation proceeding. The Magistrate Judge concluded that the police reports contained substantial indicia of reliability; that victims positively identified petitioner; that the identifications corroborated each other; that the identifications were based on more than a momentary observation under stressful circumstances; that there was no glaring basis for impeach-

---

5. Document 9.

6. *See* e.g., telephone slip labeled 6/4/93: "Carl again—said he had no witnesses—requested letter be faxed ref same.  CL"

ment of the identification; and that the hearsay contained in the police reports would be addressable at trial. The Magistrate Judge concluded that there would have been good cause for an exception to the need of confrontation and cross examination of witnesses.

Moreover, 28 C.F.R. § 2.50(c) provides that a parolee, at a local hearing, must make his request for witnesses known to the Commission. Form F–2 provides expressly for such a request which was not made in this case. Title 18 U.S.C. § 42.4(a)(2)(D), repealed, but still applicable to this case, provides for the confrontation of witnesses if the parolee, "so requests", unless the Commission specifically finds substantial reason for not allowing. There is an apparent reason for the regulation and the statute mandating that a parolee facing a revocation hearing request to confront witnesses in advance of the hearing. Allowing a parolee to wait until the conclusion of his hearing to request cross examination of witnesses would allow him to trump any hearing result.

■ Accordingly, at this juncture, we believe petitioner is estopped from exercising a right which he and counsel elected not to exercise before the hearing. We do not agree with the Magistrate Judge that petitioner's right to demand cross examination of adverse witnesses was not waived. Under the authority of *Morrissey, supra,* which details a parolee's rights at a revocation hearing, the right to confront and cross examine adverse witnesses is not absolute. 408 U.S. at 487, 92 S.Ct. at 2603.

■ Notwithstanding the issue of waiver, we feel that petitioner has not alleged any "actual prejudice" from the missed opportunity to cross examine adverse witnesses, as he must do to qualify for a new hearing. *See Country v. Bartee,* 808 F.2d 686, 687 (8th Cir.1987). As we noted earlier, the Magistrate Judge found substantial evidence in the police report linking petitioner to the alleged violations. Nothing indicates that had he been able to confront witnesses, a different result would have occurred.

Accordingly, we will not adopt the Report and Recommendation of the Magistrate Judge and will close the case. An appropriate Order is attached.

### *ORDER*

AND NOW, this 31st day of March 1994, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Report and Recommendation of the Magistrate Judge dated February 9, 1994 (Document 8) is not adopted;

2. The petition for writ of habeas corpus is denied;

3. Judgment is hereby entered in favor of the respondent and against the petitioner;

4. The Clerk of Court is directed to close this case and forward a copy of this Memorandum and Order to United States Magistrate Judge J. Andrew Smyser; and

5. Any appeal of this Order shall be deemed frivolous, without merit and lacking in good faith.