104 F.3d 362
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Delman Wesley BALL, Petitioner-Appellant,
v.
Joseph W. BOOKER, Sr., Warden, Respondent-Appellee.
 No. 95-4066.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1996.*
Decided Dec. 19, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied Feb. 14, 1997.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In 1993 the United States Parole Commission revoked Ball's parole, based in part on a Texas police report and arrest record concerning a charge of aggravated robbery. In August 1994 a Texas state court ordered these particular records expunged because no indictment had been filed and because the charges had been dismissed at the request of the complaining witness. In his second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Ball now argues that the district court was obligated to give "full faith and credit" to the expungement order, and that had it done so the balance of his sentence would be reduced.
 
 
 2
 Shortly after Ball's parole was revoked, he unsuccessfully petitioned for habeas corpus relief in the district court for the Middle District of Pennsylvania, where he was incarcerated. See Ball v. United States Parole Comm'n, 849 F.Supp. 328 (M.D.Pa.1994). While his appeal was pending, the abovementioned order of expungement was entered; Ball then argued that the order invalidated the Commission's finding. On February 24, 1995, the Third Circuit affirmed in a one sentence adoption of the district court's reasoning without mentioning this additional argument.
 
 
 3
 In March 1995 Ball filed the present petition in Indiana, renewing his argument based on the expungement order. The district court held that the petition was not successive and did not abuse the writ because Ball's argument was unavailable to him in the Pennsylvania district court and because the Third Circuit appeared not to have addressed the matter in its adoption. Nonetheless, the district court denied the petition on the merits. (We note that the Warden has not invoked the recently amended 28 U.S.C. § 2244(b) to argue that the Third Circuit's decision on the first petition is preclusive of the present suit.)
 
 
 4
 For support Ball cites the Full Faith and Credit Clause of the United States Constitution, Art. IV, § 1. The clause, however, binds only the states, and neither the Parole Commission nor the district court is a state. The most relevant analogous provision is the Full Faith and Credit Act, 28 U.S.C. § 1738, which provides that the "records and judicial proceedings" of any State "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State." See Majeske v. Fraternal Order of Police, 94 F.3d 307, 312 (7th Cir.1996).
 
 
 5
 Even assuming that the Parole Commission is a "court" within the meaning of the statute, Ball gets nowhere because the expungement order was not entered until long after the Commission rendered its decision. At the time the Commission weighed the evidence before it, there was no state court judgment to which to defer. As a factual matter, it is also difficult to see how the expungement order suggests that the Commission gave his arrest record undue weight; the state court's judgment did not find that the charges were unfounded, but that the proceedings were never carried through to prosecution. Moreover, Ball states in his reply that he brought the dismissal of the charges to the Commission's attention at his revocation hearing. The arrest record was also but one of Ball's numerous infractions, including dirty drug screens and other pending charges. We review the Commission's decisions on a petition for habeas corpus for mere rationality, Walrath v. Getty, 71 F.3d 679, 684 (7th Cir.1995), and can not say that the revocation or later refusal to reopen the proceedings were unreasonable.[1]
 
 
 6
 Ball attempts to bootstrap his way past these difficulties by arguing that it is the district court, not the Parole Commission, that he insists must give full faith and credit to the Texas expungement order. The role of the district court in considering his petition for a writ of habeas corpus, however, was not to reweigh the evidence but to determine whether Ball is in custody in violation of the Constitution or laws of the United States, 28 U.S.C. § 2241(c)(3). Given the rationality of the Commission's decision, he has manifestly failed to do so.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Ball further contends that the parole revocation proceedings are "still active," but the record indicates that he had exhausted his remedies by August 20, 1993, when the National Appeals Board of the Parole Commission affirmed the revocation decision