**Jose R. CRUZ, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendants.**

No. 3:CV–96–253.

United States District Court,
M.D. Pennsylvania.

Jan. 12, 1998.

Richard F. Maffett, Jr., Harrisburg, PA, for plaintiff.

Barbara Kosik, Whitaker, Assistant U.S. Attorney, Scranton, PA, for defendant.

## MEMORANDUM

VANASKIE, District Judge.

### BACKGROUND

The penultimate issue in this action is whether there is substantial evidence in the record to support the conclusion of the Commissioner of Social Security ("Commissioner") that the physical impairments suffered by plaintiff Jose R. Cruz did not render him unable to engage in gainful employment, and thereby eligible for supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383(c), until July 1, 1993. Contending that the record mandated a determination of onset of disability as of the time he filed his pending benefits application in these protracted proceedings, Cruz seeks a judicial determination of entitlement to "SSI disability benefits from October 25, 1985 through July 1, 1993, in addition to the benefits previously awarded." (Plaintiff's Brief in Support of Motion for Summary Judgment (Docket Entry 16) at 31.)

In a Report and Recommendation filed on October 30, 1997 (Docket Entry 21), United States Magistrate Judge Thomas M. Blewitt,

---

to whom this matter had been referred, recommended that the Commissioner's decision be sustained. Observing that it is the responsibility of the Commissioner to determine the onset date of disability, with the reviewing court's role limited to ascertaining whether that finding is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), Magistrate Judge Blewitt pointed to pertinent evidence that a reasonable person would accept as adequate to support the Commissioner's determination of onset of disability. Specifically, Magistrate Judge Blewitt cited to evidence that Cruz's complaints attributable to a low back condition—the focus of his disability claim prior to the summer of 1993—were exaggerated. He also noted the lack of objective evidence to substantiate the severity of the pain claimed by Cruz, as well as evidence that Cruz took little pain medication and did not pursue treatment with an orthopedist or neurologist on a consistent basis. As to the determination that Cruz was disabled as of July 1, 1993, Magistrate Judge Blewitt observed that a September, 1993 cervical myelogram that followed an August, 1993 visit by Cruz to a neurosurgeon, during which Cruz complained of severe neck pain radiating to the upper extremities, provided the requisite objective evidence substantiating claims of physical impairments and substantial pain that, in combination with Cruz's back condition, rendered him unable to engage in gainful employment.[1] Based upon his review of the record, Magistrate Judge Blewitt recommended that the Commissioner's motion for summary judgment be granted and that Cruz's motion for summary judgment be denied.

Having reviewed the record and the parties' briefs in the context of the deferential standard of review that may be applied where, as here, no objections have been filed to a magistrate judge's report and recommendation, I find no basis for rejecting Magistrate Judge Blewitt's proposed disposition of this case. Accordingly, Magistrate Judge Blewitt's Report and Recommendation will be adopted as the decision of this Court, and the Clerk of Court will be directed to enter judgment in favor of the Commissioner.

## I. SCOPE OF REVIEW

Accompanying the October 30, 1997 Report and Recommendation was a Notice which provided that any party could obtain review thereof by filing written objections within ten (10) days. The Notice further provided that those portions of the Report or specified proposed findings or recommendations to which objection had been made would be considered *de novo*. As noted above, neither party has taken exception to the Report and Recommendation. Accordingly, *de novo* review of the record and plenary consideration of the parties' contentions are *not* required.

It has been recognized in this Circuit, however, that because adoption of the Report and Recommendation of a magistrate judge represents a final decision of the district court, the district judge should give "some level of review to dispositive legal issues raised by the Report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.), *cert. denied*, 484 U.S. 837, 108 S.Ct. 120, 98 L.Ed.2d 79 (1987); *see also United Steelworkers of Am. v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006 (3d Cir.1987) ("a party's failure to object to a magistrate judge's report and recommendation on a dispositive matter results in a loss of that party's right to *de novo* review of specific proposed findings ...; however, the 'better practice is for the district court to provide some level of review to dispositive legal issues raised by the report.' "). The extent of review is committed to the sound discretion of the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir.1984). The 1983 Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure, which implements the statutory provisions pertaining to

---

1. Significantly, prior to the summer of 1993, Cruz's complaints referable to a neck condition were episodic and insubstantial. (Record of Decision ("R") at 797–99.) Indeed, in his first visit to the neurosurgeon, Dr. Keith Kuhlengel, which occurred in February of 1993, Cruz did not articulate any problem with respect to his cervical region or the upper extremities. (R. at 830.)

magistrate judges' reports and recommendations on dispositive motions set forth in 28 U.S.C. § 636(b)(1)(C), explain that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[2]

This Court has previously held that "when no objections are filed, the district court need only review the record for plain error or manifest injustice." *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa.1990). This standard of review appears to have been based upon the Fifth Circuit's standard of *appellate* court review where a party takes an appeal from a district judge's acceptance of unobjected to findings of a magistrate judge. *See Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir.1982) (*en banc*).

Initially, the Fifth Circuit limited its "plain error/manifest injustice" review to the factual findings of a magistrate judge to which no objection had been filed. Recently, the Fifth Circuit, again proceeding *en banc*, extended the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge. In so ruling, the court observed that restriction of the "plain error" review to only factual findings "caused a great waste of judicial resources, not to mention inefficiency and added expense," especially in view of the expanded use of magistrate judges for preparing reports and recommendations on summary judgment motions, the determination of which is ordinarily accorded plenary review on appeal. *Douglass v. United Servs. Auto, Ass'n,* 79 F.3d 1415, 1419 (5th Cir. 1996) (*en banc*). The Fifth Circuit also concluded that there was no need for a separate "manifest injustice" inquiry because such an inquiry was inherent in the "plain error" standard of review, which limits appellate court correction of those plain errors that affect " 'substantial rights if the error

seriously affects the fairness, integrity or public reputation of judicial proceedings.' " *Id.* at 1424.

Of course, the "plain error" standard of review contemplates that a party has raised a specific issue on appeal and the lower court record is scrutinized to see whether the issue had been raised below for purposes of preserving appropriate appellate court review. In this respect, at least, appellate court review is focused on a precise issue and a specific part of the record. In the scenario presented here, by way of contrast, the absence of any objection means that no particular aspect of the magistrate judge's report and recommendation is assailed as erroneous. The "plain error" standard, which necessarily contemplates deferential review of a specific issue, is thus not clearly suited to a district judge's consideration of an unobjected to report and recommendation. Nonetheless, the plain error standard's concern with clear error affecting substantial rights as well as the fairness, integrity or public reputation of judicial proceedings should inform the limited record review that is appropriate where no objections to the report and recommendation have been filed. In other words, because *de novo* consideration of issues is limited to those matters to which specific objection is made, it necessarily follows that interests of judicial economy, efficiency and finality support a limited review of the record on which a magistrate judge's report and recommendation is based where *no* objection has been filed.

Accordingly, review in this case has been limited to ascertaining whether there is "clear error on the face of the record," Fed. R.Civ.P. 72(b), 1983 Advisory Committee Notes, that not only affected substantial rights of Cruz, but also seriously affected the integrity, fairness or public reputation of judicial proceedings.[3] Interests of judicial

---

**2.** Section 636(b)(1)(C), in pertinent part, provides:

> Within ten days after being served with a copy [of the magistrate judge's report], any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. A judge of the court shall make a *de novo* determination of

> those portions of the report or specified proposed findings or recommendations to which objection is made.
> Local Rule of Court 72.3 is the local rule of this Court that governs the filing of objections to a magistrate judge's report and recommendation.

**3.** Interestingly, the parties could consent to a magistrate judge handling the case for all pur-

economy are well-served by a narrow standard of review especially where, as here, the record is extensive (nearly 900 pages), and the dispositive issue concerns the establishment of an onset of disability for a gradually progressive physical impairment normally associated with back and neck conditions.[4]

## II. *DISCUSSION*

Magistrate Judge Blewitt correctly observed that the Secretary's decision concerning the onset date of disability may be disturbed " 'only if it is not supported by substantial evidence or it is based on legal error.' " *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.1989). More precisely, as articulated by the Commissioner in her brief in support of her summary judgment motion, "the question is whether a reasonable fact finder could determine that disability prior to the selected onset date had not been established." (Dkt. Entry 20 at 7.)

The evidence of record cited by Magistrate Judge Blewitt is indeed such that a reasonable person would accept as adequate to support a conclusion that disability had not been established prior to July 1, 1993. In this regard, it is important to bear in mind that this was not Cruz's first application for disability benefits.[5] The proceedings on his October 25, 1985 application had included several hearings and written decisions by an Administrative Law Judge (ALJ), culminating with a November 18, 1993 written decision that *denied* SSI benefits.[6] (R. 794–814). In his decision, the ALJ, while observing that Cruz had complained of numbness and loss of feeling in some fingers, Cruz had not related any neck problems and had not received any treatment for a neck condition. (R. 797–98.) Moreover, Cruz's complaints pertaining to his hand were episodic and, as of the December 30, 1992 hearing that formed the basis for the November 18, 1993 decision, "from all appearances, the left hand complaint went away." (R. 799.) Thus, the ALJ had a reasonable basis for observing that "[t]he main issue in this case is whether claimant actually suffers from severe back pain." (R. 807.) As Magistrate Judge Blewitt concluded, there was an ample evidentiary foundation for the Commissioner's decision that Cruz's low back condition, alone, did not render him unable to engage in sedentary work. In particular, there was the fact that Cruz did not treat with a specialist from 1984 until 1989.[7] While Dr. Kase, the family physician with whom Cruz treated for several years, opined that Cruz was disabled, he acknowledged that the etiology of Cruz's complaints of severe pain could not be objectively linked to a prior low back injury. Also

poses, including entry of judgment, with plenary review then available in the Court of Appeals. *See* 28 U.S.C. § 636(c)(1). In a district such as the Middle District of Pennsylvania, which automatically refers all social security disability determinations to magistrate judges for reports and recommendations, consents would improve efficiency while affording each side the opportunity for plenary appellate court review. As things now stand, three levels of judicial review are now required, but the extent of review may be severely circumscribed by the failure to file objections to the magistrate judge's report and recommendation.

4. In the context of applications for social security disability benefits, "[c]omplaints of disabling back pain are among the most difficult types of claims to resolve with any degree of certainty." *Taybron v. Harris*, 667 F.2d 412, 415 (3d Cir. 1981). This is because the inability to sustain employment is attributable to symptoms that are often incapable of objective measurement. *Id.* Moreover, "fixing the onset of disability ... is somewhat arbitrary." *Mims v. Califano*, 581 F.2d 1211, 1216 n. 10 (5th Cir.1978). In this

regard, " 'it is not the beginning of a condition which determines eligibility [for] disability benefits but rather only when and if it reaches a point that it precludes all substantial gainful activity.' " *McAdams v. Secretary of Health and Human Servs.*, 726 F.Supp. 579, 587 (D.N.J.1989).

5. Cruz, who is now 47 years old, last worked in 1979, prior to a fall from a ladder while picking fruit. As detailed by Magistrate Judge Blewitt, Cruz had unsuccessfully sought benefits in applications dated December 1, 1980, June 24, 1982, and June 28, 1985.

6. The procedural history of this protracted case is chronicled at pages 1 through 3 of Magistrate Judge Blewitt's Report and Recommendation, and will not be restated here.

7. The ALJ pointed out that Cruz's treatment with a specialist in the early 1980's had coincided with an unsuccessful effort to obtain disability benefits, and that in 1985 Cruz had begun seeing Dr. Kase, a family physician, because he could more readily obtain an opinion that he was disabled from Dr. Kase. (R. 801–02, 804–05.)

supporting the Magistrate Judge's decision not to accept as conclusive the family physician's opinion of disability were the facts that Cruz was not taking substantial amounts of pain medication, had declined to consider a surgical option, made inconsistent reports of pain on objective testing, and no physician could connect Cruz's pain complaints to a specific diagnosis.[8] Under these circumstances, the ALJ could reasonably conclude that Cruz was exaggerating his pain symptoms.

As to his neck condition, the Commissioner could properly rely upon the absence of consistence complaints of pain or impairment of his upper extremities attributable thereto prior to July of 1993. In short, while there were sporadic complaints of numbness in his left hand, the evidence was not such as to preclude a finding that the combination of low back and neck conditions did not render Cruz unable to engage in sedentary work prior to the summer of 1993. As noted above, when Cruz was first examined by Dr. Kuhlengel in February of 1993, he voiced no complaint with respect to a neck condition.[9] It was only in August of 1993 that his complaints of severe neck pain prompted a myelographic study that eventually culminated in surgical intervention in 1994 with respect to a herniated cervical disc.

In short, a review of the ALJ's decision of November 18, 1993 (R. 794–815), and his decision of January 25, 1995 (R. 607–614), which took into account the reports of Dr. Kuhlengel, whom Cruz began seeing in February of 1993, cite to evidence of record that is indeed adequate to support the conclusion of an onset of disability of July 1, 1993. Indeed, there is little, if any, evidence to support an onset of disability in October of 1985, as claimed by Cruz.[10]

### III. CONCLUSION

Examination of the ALJ's decisions, the evidence cited therein, and the evidenced cited by Cruz does not disclose "clear error" in the Magistrate Judge's proposed disposition of this matter. Accordingly, the Report and Recommendation of Magistrate Judge Blewitt will be adopted, with judgment entered in favor of the Commissioner.

### ORDER

NOW, THIS 12th DAY OF JANUARY, 1998, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Blewitt (Dkt. Entry 21) is **ADOPTED.**

2. Plaintiff's motion for summary judgment (Dkt. Entry 15) is **DENIED.**

3. Defendant's motion for summary judgment (Dkt. Entry 19) is **GRANTED.**

4. The Clerk of Court is directed to enter judgment in favor of the defendant and against the plaintiff, and to mark this matter **CLOSED.**

---

8. For example, if a herniated disk was the cause of Cruz's claimed pain, nerve blocks should have afforded some relief, but did not. Scar tissue as the cause was ruled out by magnetic resonance imaging. (R. 806.)

9. In response to the ALJ's written inquiry, Dr. Kuhlengel himself suspected some "dissembling" by Cruz in connection with pain complaints, further reinforcing the onset of disability determination. (R. 835–36.)

10. The ALJ, in a commendable move, had sent Dr. Kuhlengel his November 18, 1993 decision in an effort to ascertain whether there were serious deficiencies in his original finding of no disability. (R. 833–34.) Notably, Dr. Kuhlengel did not take issue with the ALJ's assessment based upon the evidence that had been presented prior to November of 1993. (R. 609.)