Neville HENRY, Plaintiff,

v.

THE MEDICAL DEPARTMENT AT
SCI–DALLAS, Defendant.

No. 3:CV–00–1700.

United States District Court,
M.D. Pennsylvania.

April 26, 2001.

Neville Henry, E. Elmhurst, NY, pro se.

Alan S. Gold, Monaghan & Gold, P.C., Elkins Park, PA, James M. Howley, Scranton, PA, James Andrew Doherty, Jr., Scanlon, Howley, Scanlon & Doherty, Scranton, PA, for defendant.

## MEMORANDUM

CAPUTO, District Judge.

█ Plaintiff Neville Henry, a prisoner incarcerated at the State Correctional Institution in Dallas, Pennsylvania ("SCI–Dallas"), filed this § 1983 suit on September 22, 2000. (Complaint, Doc. 1.) Henry,

who has requested *in forma pauperis* status, alleges that officials at SCI–Dallas have failed to adequately treat his eye pain and vision impairment. (Id.) The case was assigned to Magistrate Judge Raymond J. Durkin, who recommended that the complaint be dismissed for failure to exhaust available administrative remedies and for failure to state a claim against the named defendant.[1] (Report and Recommendation, Doc. 6.) Because the court may not dismiss a complaint for failure to exhaust administrative remedies prior to the service of the complaint on the defendant, the case will be recommitted to the magistrate judge for further proceedings.

## DISCUSSION

■ Where, as here, objections are filed to the report and recommendation of a magistrate judge, the district court must make a *de novo* determination of the contested issues, *see Sample v. Diecks,* 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *see Goney v. Clark,* 749 F.2d 5, 6–7 (3d Cir.1984). Although the review is *de novo,* the district court may rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 2413, 65 L.Ed.2d 424 (1980); *Goney v. Clark,* 749 F.2d 5, 7 (3d Cir.1984); *Ball v. United*

*States Parole Commission,* 849 F.Supp. 328, 330 (M.D.Pa.1994).

■ Magistrate Judge Durkin has recommended that Henry's complaint be dismissed under 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. As the complaint has not yet been served on the defendant, a thorny question arises as to this court's power to dismiss for failure to exhaust administrative remedies before the defendant has been served. Prior to the passage of the Prisoner Litigation Reform Act (PLRA) in 1996, a district court in the Third Circuit could *sua sponte* dismiss a complaint prior to service of process under the screening provisions of former § 1915(d), but could not do so under a Rule 12(b)(6) analysis. *See Oatess v. Sobolevitch,* 914 F.2d 428, 430 (3d Cir. 1990). The *Oatess* court cited a number of policy reasons in support of its holding. The court was concerned that dismissing an action prior to service disrupts the orderly process of the case, deprives the court of the assistance of opposing counsel in clarifying the issues, risks creating the impression that the court has abandoned the role of neutral arbiter by conducting a private litigation with the plaintiff, and "bypasses our tradition of adversarial proceedings." *Id.* at 431. While former § 1915(d) trumped the general rule where a prisoner's complaint was found to be "frivolous or malicious" during screening, the general rule prohibiting pre-service

---

**1.** While Magistrate Judge Durkin is correct that Henry must name an individual defendant and cannot maintain an action against "The Medical Department at SCI–Dallas," *see Covington v. Warden of C–95,* 1996 WL 75211 (E.D.N.Y.), this court, like the court in *Covington,* must grant Henry leave to amend his complaint. In *pro se* prisoner cases "dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice or futility." *Shane v. Fauver,* 213 F.3d 113, 117 (3d Cir.2000). In his objections to the magistrate judge's report and recommen-

dation, Henry sought leave to amend his complaint. (See Doc. 7.) The court will grant his request.

In his amended complaint, Henry must name at least one individual defendant for service of process to be possible. If Henry subsequently uncovers additional individuals who were personally involved in the alleged wrongdoing, he may then move to join those persons as defendants. Of course, Henry's submission of an amended complaint must comply with Local Rule 15.1.

dismissal still applied to the more common case of dismissal pursuant to a Rule 12(b)(6) analysis. Consequently, since § 1997e(a) is properly raised in a Rule 12(b)(6) motion, *see, e.g., Camp v. Brennan,* 219 F.3d 279 (3d Cir.2000), a pre-PLRA district court could not dismiss for failure to exhaust administrative remedies prior to service of process.

The enactment of the PLRA on April 26, 1996 increased the power of federal district courts to dismiss prisoner lawsuits before service of process. Former section 1915(d)'s authorization of pre-service screening was transferred to a new code section, 28 U.S.C. § 1915A, and two new grounds for early dismissal were added: failure to state a claim upon which relief can be granted and the immunity of the defendant to monetary claims. However, it is unclear from the statute itself whether a failure to exhaust administrative remedies qualifies as a failure to state a claim under § 1915A. If it does, then the PLRA authorizes federal district courts to dismiss prisoner complaints at the pre-service screening stage for failure to exhaust administrative remedies.

While this question appears to be a matter of first impression in this circuit, two federal appellate courts have addressed related issues. In *Snider v. Melindez,* the Second Circuit held "that 'failure to state a claim,' as used in Sections 1997e(c) and 1915(g) of the PLRA, does not include failure to exhaust administrative remedies." 199 F.3d 108, 112 (2nd Cir.1999) (considering the district court's dismissal "on its own motion" under 1997e(c), though *after* service of process). Reaching a contrary conclusion, the Eleventh Circuit held that, for purposes of § 1915(g), "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Rivera v. Allin,* 144 F.3d 719,

731 (11th Cir.1998) (finding that a dismissal for failure to exhaust counts as a "strike" under § 1915(g)'s "three strikes" rule). Of the two, *Snider* is the more helpful and persuasive case, since it contains an insightful analysis of the text of the PLRA. The *Rivera* court did not conduct its own analysis of the issue, choosing instead to rely on pre-PLRA law and an Eighth Circuit opinion that did not involve a prisoner suit. *See id.* (citing *Porter v. Fox,* 99 F.3d 271 (8th Cir.1996)).

The *Snider* court based its conclusion that a failure to exhaust administrative remedies does not constitute a "failure to state a claim" under § 1997e(c)(1) on the text of and relationship between the two paragraphs of § 1997e(c). Paragraph (1) of § 1997e(c) mandates that a court "shall" dismiss any action which it determines is frivolous or malicious or which fails to state a claim. Paragraph (2) of § 1997e(c) states that a court "may" dismiss a claim that is frivolous or malicious or which fails to state a claim "without first requiring the exhaustion of administrative remedies." The court reasoned:

If failure to state a claim included failure to exhaust for purposes of Section 1997e(c), then paragraph (2) would carry the highly improbable meaning that courts may dismiss for failure to exhaust administrative remedies without first requiring exhaustion of administrative remedies. Furthermore, paragraph (2) would be telling courts they "may" do what paragraph (1) asserts they "shall" do. This reading would also render Section 1997e(a) redundant: there would be no need to provide that prisoner actions may not be brought until administrative remedies are exhausted, as Section 1997e(a) provides, if Section 1997e(c)(1) mandated dismissal for failure to exhaust administrative remedies.

*Snider,* 199 F.3d at 111. The *Snider* court's reasoning is persuasive, and leads this court to conclude that a failure to exhaust administrative remedies does not constitute a "failure to state a claim" under amended § 1997e. Reading the various provisions of the PRLA *in para materia,* it follows that the phrase "failure to state a claim" also carries this limited meaning in 28 U.S.C. § 1915A, the PLRA provision that allows for dismissal before service of process. Therefore, the court holds that a federal court may not invoke § 1915A to dismiss a prisoner's complaint for failure to exhaust administrative remedies prior to service of process.

This conclusion is bolstered by the history of § 1915A. When the enactment of the PLRA transferred the screening authority from former section 1915(d) to new section 1915A, Congress expanded the grounds on which federal courts may dismiss prisoner complaints at the screening stage. Though Congress knew how to distinguish failure to exhaust from failure to state a claim, as is clear from the fact that the PLRA uses both phrases, it did not list failure to exhaust among the bases for dismissal. This legislative silence where it would have been natural for Congress to speak constitutes strong support for the proposition that Congress in drafting § 1915A did not intend to authorize federal courts to dismiss prisoner suits at the screening stage due to the failure of the prisoner to exhaust his administrative remedies.

Despite this conclusion, one could contend that federal courts have the inherent power to dismiss for failure to exhaust, regardless of what the PLRA authorizes. *See generally Brown v. Fauver,* 819 F.2d 395, 398 (3d Cir.1987) (raising exhaustion *sua sponte* ); *Titus v. Mercedes Benz of North America,* 695 F.2d 746, 749 (3d Cir. 1982) (*sua sponte* dismissal for failure to prosecute). This was the opinion of the *Snider* court, which deemed it error to "assum[e] that a court requires explicit statutory authorization to dismiss on its own motion." 199 F.3d at 112.

This portion of *Snider* must be distinguished from the present case, since it appears that *Snider* involved a *sua sponte* dismissal *subsequent to* the service of process. *See id.* at 110 (stating that the district court granted Snider *in forma pauperis* status). While it is beyond dispute that courts frequently have the power to dismiss actions on their own motion, *pre-service* dismissal in this circuit is governed by the rule of *Oatess v. Sobolevitch,* which prohibits dismissal prior to service of process unless done pursuant to the screening provisions of the PLRA. As this court has concluded above that the PLRA's screening provisions do not authorize dismissal for failure to exhaust, it must also conclude that dismissal for failure to exhaust is never appropriate before the defendant has been served with the complaint.

Henry's complaint cannot be dismissed for failure to exhaust administrative remedies, at least at this stage of the litigation. To do so would risk the appearance of an unseemly "private litigation" between the court and the plaintiff, potentially undermining the court's status as a neutral arbiter. *See Oatess v. Sobolevitch,* 914 F.2d 428, 430 (3d Cir.1990). Accordingly, this case will be recommitted to Magistrate Judge Malachy E. Mannion[2] for a determination of whether Henry is entitled to *in forma pauperis* status and for further proceedings consistent with this opinion.

An appropriate order will follow.

---

**2.** Magistrate Judge Mannion is the successor of Magistrate Judge Durkin, who retired in October of 2000.

557

## ORDER

NOW, this _____ day of April, 2001, IT IS HEREBY ORDERED that:

1. The Report and Recommendation of Magistrate Judge Durkin (Doc. 6) is **NOT ADOPTED;**

2. Plaintiff's motion for leave to amend his complaint (See Plaintiff's Objections, Doc. 7) is **GRANTED;**

3. Plaintiff is directed to file his amended complaint within thirty (30) days of the date of this order;

4. This case is to be recommitted to Magistrate Judge Mannion for further proceedings.