**CLD-228**                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1845
_____

DAVID E. HENDERSON,
                                              Appellant

v.

KENNETH KEISLING; NANCY HENDERSON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 10-cv-00247)
District Judge:  Richard P. Conaboy

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 24, 2010

Before:  BARRY, FISHER and GREENAWAY, <u>Circuit</u> <u>Judges</u>.

(Filed: July 13, 2010)

_____

OPINION
_____

PER CURIAM

David Henderson appeals <u>pro</u> <u>se</u> from the District Court's order dismissing his

complaint.  Because we conclude that this appeal lacks arguable merit, we will dismiss it

pursuant to 28 U.S.C. § 1915(e)(2)(B).

The District Court has summarized the case and its findings in detail, so a brief statement of the facts is sufficient. David Henderson was granted leave by the Eastern District of Pennsylvania to proceed in forma pauperis with a complaint against Kenneth Keisling, his brother-in-law, and Nancy Henderson, his sister-in-law. In the complaint Henderson identifies himself as a former Foreign Service Officer with knowledge of a covert deal between George H.W. Bush and Iran to delay the release of American hostages in order to influence the outcome of the 1980 presidential elections, which he refers to as the "October Surprise." He alleges that because of this knowledge "he has been under a death threat by the CIA since October 1980 and this fact is due to the defendants . . . who for personal and political reasons have engaged in a Conspirecy [sic] of silence to keep plaintiff from knowing what he knows." Henderson seeks damages totaling $27,000,000.

The Eastern District of Pennsylvania approved Henderson's request to withdraw his complaint against defendant Nancy Henderson. The case was ultimately transferred to the Middle District of Pennsylvania, where defendant Kenneth Keisling resides. The case was assigned to a Magistrate Judge, who issued a Report and Recommendation (R&R) concluding that Henderson's complaint amounted to no more than a "fantastic or delusional scenario" lacking any basis in fact and should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Neitzke v. Williams, 490 U.S. 319, 328 (1989). Henderson filed a

document stating merely that he "appeals the Report and Recommendation." The District Court, declining to treat the document as a proper objection, reviewed the R&R for clear error only, and, by order entered March 9, 2010, adopted it and dismissed Henderson's complaint. Henderson appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

We granted Henderson in forma pauperis status, and we now review this appeal to determine whether it should be dismissed under 28 U.S.C. § 1915(e)(2)(B). An appeal must be dismissed if it "lacks an arguable basis in either law or fact." Neitzke, 490 U.S. at 325. We conclude that dismissal is required here.

The District Court correctly dismissed Henderson's complaint. Even if we accept as true that Henderson was a Foreign Service Officer, had knowledge of an "October Surprise," and was under a death threat by the CIA, he alleges no arguable claim against Keisling (or Nancy Henderson, for that matter).[1] Henderson's sole allegation against the defendants is that they "engaged in a Conspirecy [sic] of silence to keep plaintiff from knowing what he knows" – a confusing statement that fails to suggest any conceivable claim. See Neitzke, 490 U.S. at 325. Further, the District Court need not have allowed opportunity to amend because doing so would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002). Finally, there is no basis to challenge the District Court's review of the Magistrate Judge's R&R since only those "specific

_____

[1]Henderson sought to add Nancy Henderson back into the complaint at the last minute but the District Court justifiably refused because he states no viable claim against either Keisling or Henderson.

3

objections" made by Henderson must be separately considered by the District Court.  See

Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).[2]  Henderson's February 25, 2010

"objection" to the R&R contains no specific objections for the District Court to review,

and merely states that "plaintiff appeals the Report and Recommendation to the District

Judge in this case[.]"

In sum, we agree that Henderson's complaint was frivolous, and we conclude that

amendment would be futile.  Our independent review reveals that there is no arguable

basis to challenge the District Court's ruling on appeal.  Accordingly, this appeal will be

dismissed.

---

[2]We note that the Magistrate Judge attached to the R&R a copy of the Local Rule requiring the filing of specific objections and noting that de novo review by the District Judge was contingent on filing those objections.  Cf. Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007) (declining to apply plain error review on appeal when a Magistrate Judge failed to warn a pro se litigant of the consequences of failing to file objections).