NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1653
_____

ROGER SNYDER,

Appellant

v.

DANIEL BENDER; ROBERT CARUSO; JOHN CONTINO;
ROBIN HITTIE; CHARLES KRAUS; RALPH HORNE;
CHARLES TUPPER; KEITH MURPHY; NICHOLAS VISCOME;
JEFFREY TEMPLIN, SR.; STEVE SPEERS; NANCY GARBER;
WEST DONEGAL TOWNSHIP

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-09-cv-00927)
District Judge: Honorable Lawrence F. Stengel

_____

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2013

Before:  AMBRO and SMITH, <u>Circuit Judges</u>,
and O'CONNOR,[*] <u>Associate Justice</u> (Ret.)

(Opinion filed: December 16, 2013)

_____

[*] Honorable Sandra Day O'Connor, Associate Justice (Ret.) for the Supreme Court of the
United States, sitting by designation.

_____

OPINION

_____

AMBRO, Circuit Judge

Roger Snyder appeals the decision of the District Court granting the appellees' motions for summary judgment. This case involves Snyder's successful reelection campaign for the West Donegal Township Board of Supervisors in West Donegal Township, Lancaster County, Pennsylvania. Snyder claims that, during the campaign, the appellees conspired against him to violate his First Amendment right to run for political office in violation of 42 U.S.C. § 1983.[1] For the following reasons, we affirm.

## I.

In 2007, Snyder ran for reelection against appellee Keith Murphy. In August of that year, appellee Ralph Horne, a private citizen,[2] made a complaint to the State Ethics Commission alleging that Snyder had diverted township resources to his personal use by, among other things, using township equipment and the services of a township employee to make copies of campaign literature. Later that month, appellee Charles Kraus, the Chief of the local Police Department, submitted a letter to the State Ethics Commission

_____

[1] In his brief, Snyder argues in support of ten distinct claims. However, the record is clear that only one claim remains in this case. The District Court dismissed many of the claims in a motion to dismiss and denied the motion to amend the complaint to add other claims. The only claim remaining is conspiracy to violate Snyder's First Amendment right to run for office.

[2] Although Horne was subsequently elected to public office, Horne was not an elected official at the time of the events in question. The District Court dismissed the claim against Horne because, among other reasons, he was not a state actor.

with allegations similar to those in Horne's complaint. The Commission began an inquiry into Snyder's conduct in September 2007, and in November a full investigation was authorized.

On October 31, 2007, a few days before election day, Snyder again asked the same township employee to make copies of campaign literature on township equipment. The employee informed the Ethics Commission investigator assigned to the case, appellee Daniel Bender, of Snyder's request. Another member of the Board of Supervisors, appellee Charles Tupper, was alerted to Snyder's activity and called police chief Kraus to the scene of the copying. Members of the press arrived and stories about Snyder's conduct appeared in the next day's newspapers. The news stories indicated that the State Ethics Commission would be conducting an investigation into the matter.

On election day (November 6, 2007) someone was found distributing fliers touting the State Ethics Commission's investigation of Snyder. Murphy testified that he did not prepare the flier and did not know who was responsible for it. Despite the fliers and allegations of misconduct, Snyder won reelection and was subsequently cleared of any significant wrongdoing by the State Ethics Commission.

**II.**

In 2009, Snyder brought this suit against members of the Pennsylvania State Ethics Commission (Bender, Caruso, and Contino), members of the Board of Supervisors

3

(Horne, Viscome, Tupper, and Templin), and his 2007 political opponent (Murphy).[3] Snyder claims that these parties conspired against him to violate his First Amendment right to run for political office in violation of 42 U.S.C. § 1983. All of the defendants moved for summary judgment.

On February 16, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending summary judgment be granted to all of the defendants. The Magistrate Judge determined that the allegations of a conspiracy among the defendants were not supported by any evidence, but only by a speculative and conclusory declaration submitted by Snyder. Moreover, the Magistrate Judge explained that because Snyder had failed to produce any evidence that his campaign efforts had been curtailed, and because the complained-of flier touting the ethics investigation was itself protected activity, Snyder had shown no violation of his First Amendment rights. The Magistrate Judge also concluded that Snyder failed to introduce evidence that either Horne or Murphy was a state actor or had conspired with state actors at the time of the alleged conspiracy. For the state actors, the Magistrate Judge concluded that Snyder had not introduced evidence to overcome their qualified immunity. Thus none of the defendants could be held liable.

Snyder filed objections to the R&R, but the District Court overruled the objections and adopted the R&R in its entirety. Snyder now appeals that decision.[4]

**III.**

---

[3] Snyder also sued Charles Kraus, but he was dismissed from the case in 2010 because of improper service of process. Kraus was not validly reinstated as a defendant.

[4] The District Court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). We have jurisdiction under 28 U.S.C. § 1291.

4

We exercise plenary review over the District Court's grant of summary judgment and apply "the same standard that guides our district courts." *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008) (citation omitted). Summary judgment is appropriate if, "viewing the facts in a light most favorable to the nonmoving party," there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; *see also* Fed. R. Civ. P. 56(a).

At the outset, Snyder has failed to raise several issues in his opening brief, thus waiving them. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993). Specifically, he failed to argue that the District Court was incorrect when it concluded (1) that appellees Horne and Murphy were not state actors and (2) that the state actor appellees are entitled to qualified immunity. Because these waived issues dispose of Snyder's claim against all the appellees, we affirm the District Court regardless of Snyder's arguments on appeal. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009), *Burella v. City of Philadelphia*, 501 F.3d 134, 139 (3d Cir. 2007).[5]

Putting aside his waiver of issues that preemptively defeated this appeal, the arguments Snyder has raised on appeal are not persuasive. He claims that the Magistrate Judge failed to consider voluminous evidence in the record. Contrary to this accusation, the Magistrate Judge produced a lengthy and detailed R&R that thoroughly reviewed the

---

[5] Snyder also failed to discuss appellee Kraus in his brief. As explained above, Kraus is no longer a part of this case.

5

material evidence in the record.[6]  Moreover, when Snyder pressed this identical argument to the District Court, he was repeatedly invited to make specific objections to the R&R with citations to the record to correct any perceived factual oversights.[7]  Despite these overtures, Snyder failed to assert any particular factual objections with citations, instead, relying on broad claims that the Magistrate Judge had ignored his evidence.  On appeal, Snyder still fails to pinpoint any specific omissions with record citations, and his unsubstantiated allegation will not overcome summary judgment.

Snyder also argues that the District Court did not engage in *de novo* review of the R&R and that a proper review would demonstrate that he asserted issues of material fact. As the District Court explained, to the extent Snyder failed to make specific objections to

---

[6] Snyder also argued in passing that the Magistrate Judge failed to make "factual findings" in accordance with 28 U.S.C. § 636(b)(1)(B).  However, the Magistrate Judge's opinion contains a detailed accounting of the undisputed material facts.

[7]  Shortly after the Magistrate Judge issued the R&R, Snyder moved to reconsider and vacate it, claiming that the Magistrate failed to consider numerous documents in the record.  The District Court denied the motion and explained that Snyder could reference any exhibits he believed supported his position in his formal objections to the R&R. Snyder then filed a petition for extraordinary relief with our Court, again arguing that the Magistrate Judge had completely ignored voluminous evidence supporting his position. He simultaneously moved in the District Court to stay proceedings pending our resolution of the petition for extraordinary relief.  The following day, the District Court denied the motion for the stay, explaining that Snyder had produced no evidence that the Magistrate Judge had failed to consider the exhibits Snyder had filed,  that the District Court Judge had spoken with the Magistrate (who confirmed he had reviewed the documents), and reiterated that Snyder should  make specific objections to the R&R, which the Court would review *de novo*.  On March 19, Snyder moved the District Court to reconsider the denial of the motion to stay and again argued that the Magistrate Judge had not considered the exhibits he had proffered in opposition to summary judgment.  The next day, the District Court denied the motion and again implored Snyder to cite and reference any objection in order to receive *de novo* consideration.  Our Court subsequently denied Snyder's petition for extraordinary relief.  *See In re Snyder*, No. 13-1653, 2012 U.S. App. LEXIS 26986 (3d Cir. Apr. 20, 2012).

portions of the R&R, the Court was not required to engage in *de novo* review. *See Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984); *see also* 28 U.S.C. § 636(b)(1) ("A [district court] shall make a *de novo* determination of those *portions* of the [R&R] to which objection is made.") (emphasis added). For the claims specifically raised, the District Court's analysis was *de novo* and proper.

On the merits, Snyder claims that had the Magistrate Judge or the District Court properly considered his declaration, the motion for summary judgment would have been denied. However, the Magistrate Judge and the District Court determined correctly that, because the declaration was conclusory and speculative, it could not properly be the basis to defeat the appellees' factually supported motions for summary judgment. *See* Fed. R. Civ. P. 56(e); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.") (citations omitted). Snyder has presented no evidence that there was a conspiracy to violate his First Amendment right to run for political office. Furthermore, he has made no showing that this right was violated. Indeed, because the flier contained truthful information about the ongoing ethics investigation, it was protected activity. *See Stilp v. Contino*, 613 F.3d 405, 414 (3d Cir. 2010).

Finally, Snyder argues that the District Court improperly denied his right to file an amended complaint. The decision to deny an amendment rests within the discretion of the District Court. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011). In this case, the events leading to the denial of the amended complaint demonstrate that

Snyder's argument is baseless. In May 2010, one year after his action was filed, Snyder submitted an amended complaint without leave of the Court. It struck the amended complaint for failure to comply with Rule 15 of the Federal Rules of Civil Procedure, but nonetheless provided Snyder twenty-one days to refile an amended complaint. He never did so. Four months later, in September 2010, the Court provided Snyder a second opportunity to amend the complaint by November. Snyder again failed to do so. Finally, in February 2011, nine months after Snyder was first offered the opportunity to amend and nearly two years after he filed his initial complaint, he moved to file an amended complaint. The District Court's denial was well within its discretion.

We thus affirm in all respects.